**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PAUL CAYER, ] | CASE NO. 3:02CV1130 (HBF) |
|     Plaintiff, ] | |
| v. ] | |
| JAMES ROACH and ] | |
| CHARLES SPIRIDON, ] | |
|     Defendants. ] | March 8, 2004 |

**MOTION FOR STATUS CONFERENCE AND**
**EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS**

      COMES NOW the defendants and request a status conference with the court and an extension of time until April 30, 2004 in which to file disposition motions in the above matter. Several developments have occurred in this case that necessitate this motion.

      1.      Discovery closed in the above case on January 30, 2004.

      2.      Prior to the close of discovery, plaintiff was deposed. He deposition was continued because certain documents had yet to be produced. The plaintiff's continuation deposition was scheduled for March 26, 2004.

      3.      Prior to the close of discovery, plaintiff's counsel represented to the court during a status conference, that Mr. Cayer was going to withdraw his claim for emotional distress and all related damages because he did not desire to produce a copy of his medical records.

4. On January 20 and 28, 2004, defense counsel wrote to Attorney Torre and submitted a proposed stipulation regarding Mr. Cayer's withdrawal of part of his damage claim and sought compliance with part of the Defendant's second set of request for production dated October 28, 2003.

5. Defense counsel and Attorney Torre communicated regularly and through joint cooperation had agreed on certain matters regarding discovery issues. (i.e. that the plaintiff would withdraw his claim for emotional compensatory damages and that Mr. Cayer's deposition would be completed).

6. On February 22, 2004, Mr. Cayer notified defense counsel that he had fired Attorney Torre and was going to handle the matter pro se. Plaintiff also communicated a desire to reopen discovery. The court has yet to ruled on the motion by Attorney Torre to withdraw as counsel for the plaintiff.

7. Before the defendant's can evaluate and submit a motion for summary judgment, the following issues need to be resolved:

   a. Plaintiff's compliance with the defendant's second discovery request dated October 28, 2004;

   b. Plaintiff stipulation regarding damages;

   c. The completion of plaintiff's deposition;

8. Given that the plaintiff may take over his case pro se and some of the above issues could change, the defendants urgently request a status conference in person before the court and an extension of time until April 30, 2004 in which to file summary judgment.

9.  Due to the circumstances surrounding the plaintiff's representation, defense counsel did not contact Mr. Cayer or Attorney Torre about this motion, instead leaving the matter to the court's attention.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano (ct 21487)
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
PH: 860-808-5340
FAX: 860-808-5383

## **CERTIFICATION**

The undersigned does hereby certify that on this 8th day of March 2004, a true and accurate copy of the foregoing was sent via first class, postage prepaid, United States mail, postage prepaid, to:

Karen Lee Torre, Esq.
51 Elm Street, Suite 307
New Haven, CT  06510

Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

_____
Joseph A. Jordano
Assistant Attorney General

3