**E-mail message**

From: p_cayer@webtv.net (Paul Cayer)
Date: Thu, Mar 11, 2004, 8:00pm
To: p_cayer@webtv.net
Subject: (no subject)

```
FILED
2004 MAR 15  P 3: 54
U.S. DISTRICT COURT
BRIDGEPORT, CONN
```

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER,          CASE #3:02CV1130(HBF)
   Plaintiff,

    v.

JAMES ROACH and
CHARLES SPIRIDON,
       Defendants.          March 12, 2004

RESPONSE TO MOTION FOR STATUS CONFERENCE AND
EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS

As the plaintiff, I refute Attorney Jordano's assertion that discovery closed in my case on January 30, 2004. I attach a copy of Attorney Torre's letter to me dated February 5, 2004 in which she states, "Discovery is ongoing and will continue to be ongoing. As the needs of the csae require." This representation which was made to me by my attorney must be honored by the Court. The original date for close of discovery was last August. Extensions have been freely granted to Attorney Jordano when he has requested them. I must insist that discovery continue pursuant to Attorney Torre's representation to me so that I may have the defendant, James Roach as well as Barbara Barnwell deposed.

With respect to my withdrawal of claim for emotional distress damages, I did so solely because of the invasion of my privacy which would result by disclosure of all my medical records. There are economic damages in my case which I intend to pursue, and I also intend to vigorously pursue punitive damages when we go to trial. I attach a copy of a newspaper article about State Criminal Inspector Gregory Dillon's successful lawsuit against former Chief State's Attorney John Bailey. The jury awarded him $2.7 million "mostly in punitive damages." This was a case very similar to mine, in that it involved retaliation for reporting wrongdoing.

In light of the corruption in State government now being exposed, I can assure you that retaliation against whistleblowers is something that the public will not tolerate. Such retaliatory action against those who expose corruption and wrongdoing should result in serius punitive damages lest others be intimidated into turning a blind eye to it.

I do not object to Attorney Jordano's request for a status conference. I

request that it be held as soon as possible after Attorney Torre's withdrawal has been approved by the Court. I do not object to Attorney Jordano's request for an extension of time until April 30, 2004 to file dispositive motions.

Regarding the Defendants' request for poduction dated October 28, 2003, the Court should know that I gave Attorney Torre that information months ago. The fact that she has not complied with that request is one of the reasons why I fired her.

PLAINTIFF

*Paul N. Cayer*

Paul N. Cayer

## CERTIFICATION

I certify that on March 12, 2004 a copy of the foregoing was mailed to:

Joseph Jordano
Assistant Attorney General
55 Elm St.
P.O. Box 120
Hartford, CT 06141-0120

*Paul N. Cayer*

Paul N. Cayer

*Law Offices of*
# KAREN LEE TORRE

51 Elm Street - Suite 307
New Haven, Connecticut 06510
Telephone - (203) 865-5541
Facsimile - (203) 865-4844

99 Whitfield Street
Guilford, Connecticut 06437
Telephone - (203) 453-7720
Facsimile - (203) 453-7721
**Reply to New Haven Only**

February 5, 2004


Mr. Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

Re:    **Cayer v. Roach, et al.**

Dear Mr. Cayer:

In response to your letter of January 29, 2004, please be advised that the attorneys did not have a conference with the Court on January 6th. The judge had another matter to attend to and accordingly, we just had the conference last week. Discovery is ongoing and will continue to be ongoing. As the needs of the case require. It was agreed that defendants may file a Motion for Summary Judgment in March if they wish and if the case is to be tried, we are looking at sometime in June, 2004. It was further confirmed during the conference that you made a decision not to share your psychiatric history records and accordingly, you may not pursue a claim for non-economic damages such as emotional distress. In reliance on that understanding, Attorney Jordano will not seek your psychiatric records nor will he seek to depose your psychiatrist or other treating mental health professionals.

Very truly yours,

*Karen Lee Torre*

Karen Lee Torre

KLT:cmt

# Inspector suing state's attorney

*Associated Press*

NEW HAVEN — A state criminal inspector who successfully sued former Chief State's Attorney John M. Bailey is now suing Bailey's successor.

Supervisory Inspector Gregory Dillon filed a new lawsuit in U.S. District Court Tuesday, contending that Chief State's Attorney Christopher Morano has engaged in a yearlong campaign of retaliation against him.

Dillon successfully sued Bailey in 1988 for violating his free speech rights.

Dillon claims Morano has violated his civil rights by using his authority to demean, humiliate and punish Dillon for filing suit against Bailey.

Among other things, Dillon alleges that Morano failed to invite him to regularly scheduled meetings with other supervisory inspectors in the state Division of Criminal Justice; put him in charge of reorganizing the evidence room and keeping its records; and downsized Dillon's staff in the Gang and Continuing Criminal Activities Bureau.

Morano said Dillon's "allegations of retaliation for a matter that was resolved years ago have no basis in fact whatsoever."

During the summer of 1996, Dillon brought to the attention of Bailey and Morano his belief that FBI agents had submitted arrest warrant applications containing fabricated information and knowingly false statements.

Dillon claimed that Bailey, who died last September, retaliated against him by stripping him of his supervisory duties and depriving him of a promotion. Dillon sued Bailey, claiming he violated his First Amendment rights.

A jury in 1999 found that Bailey had violated Dillon's First Amendment rights, and awarded him $2.7 million, mostly in punitive damages. Morano was deputy chief state's attorney, and testified during the 1999 trial that he, not Bailey, was the moving force behind Dillon not getting the promotion, Dillon alleges.

2/12/04 REPUBLICAN-AMERICAN