UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL CAYER, | : | CASE NO. 3:02CV1130(HBF) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES SPIRIDON and | : | |
| JAMES ROACH, | : | |
| | : | |
| Defendants. | : | MARCH 30, 2004 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
<u>MOTION TO REOPEN DISCOVERY</u>**

COME NOW the defendants and object to the plaintiff's request to reopen discovery based on the plaintiff's misrepresentations to the court and unfounded conclusions.

At the outset, the defendants remind the court that discovery in this case was extended to almost a year. During that time, no depositions were conducted by the plaintiff.  At the last status conference, plaintiff's counsel explained to the court that no depositions would be conducted because the plaintiff would not authorize Attorney Karen Lee Torre to take depositions.  Plaintiff has offered <u>NO EVIDENCE</u>  in support of his contention that he instructed Attorney Torre to conduct depositions and she failed or refused to do so. Instead, the plaintiff misconstrues Attorney Torre's letter of February 5, 2004.

At no time did Attorney Torre and defense counsel agree to continue discovery beyond the January 30, 2004 deadline in <u>order to conduct depositions, other than to complete Mr. Cayer's deposition (which was agreed to at the deposition)</u>.  It was agreed that some loose ends had to be completed that included the plaintiff's review of discovery documents, the completion of his deposition, and the stipulation regarding the plaintiff's withdrawal of emotional damages.  Otherwise, discovery formally closed on January 30, 2004.

Defendants note that the plaintiff's last discovery request of January 22, 2004 (which arrived on January 24, 2004), was not served with sufficient time to permit the defendants 30 days to respond BEFORE the close of discovery as required by Rule 34 (b).  Nevertheless, the defendants will respond with documents and objections where appropriate.  In contrast, the plaintiff response to the defendant's last discovery request has been outstanding since NOVEMBER of 2003. The plaintiff is hardly in a position to criticize anyone.

**Before the Court considers the plaintiff's motion, the defendants request that the plaintiff make an offer of proof showing that he requested that depositions be taken by his attorney and that his request(s) was ignored.**

More troubling is the tone of the plaintiff's recent communications. Since taking over the case, he has communicated with defense counsel by making both threats and demands.  He mistakenly believes that if his demands are not met, he will just level blame and accusations. (See plaintiff's letter of March 26, 2004 and defense counsel's response, attached hereto as Exhibits A and B).  Most recently, plaintiff accused defense counsel of having a cozy relationship with plaintiff's former counsel. (See plaintiff's e-

2

mail of March 30, 2004 attached hereto as Exhibit C). Given these ravings and accusations, the defendants withdraw their request for a stipulation regarding emotional damages and SEEK a copy of the plaintiff's medical records, including psychological records, as requested in their prior written discovery.

Lastly, the defendants <u>renew</u> their request for a status conference before the court and that the trial date be rescheduled to permit sufficient time for the defendants to prepare a summary judgment motion.[1]

Furthermore**, the plaintiff should be compelled to: (1) appear for the continuation of his deposition, (2) respond to the defendants' timely discovery request dating back to November 2003; and (3) that plaintiff produce a copy his complete medical records.**

This case needs the court's intervention since the plaintiff is now representing himself pro se.

WHEREFORE, the defendants pray that the court will deny the plaintiff's motion to reopen discovery and grant the defendants' motion to compel.

---

[1] Summary judgment is currently due on April 30, 2004. But the plaintiff has refused to appear for his deposition until the depositions of Roach and Barnwell are scheduled.  Additionally, defense counsel has a trial in April  2004 and one in May 2004. Accordingly, the defendants request additional time in which to prepare  summary judgment.

3

                                        DEFENDANTS,

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL

BY:_____
                                        Joseph A. Jordano  (ct 21487)
                                        Assistant Attorney General
                                        55 Elm Street
                                        Hartford, CT 06141-0120
                                        Tel: 860-808-5340
                                        Fax: 860-808-5383

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed, United States mail first class postage prepaid, on this 30th day of March 2004 to:

Paul Cayer
173 Burrville Road
Torrington, CT 06790

                                        _____
                                        Joseph A. Jordano
                                        Assistant Attorney General