UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER,  :  CASE NO. 3:02CV1130(HBF)

    Plaintiff,  :

v.  :

CHARLES SPIRIDON and  :
JAMES ROACH,  :

    Defendants.  :  April 19, 2004.

RESPONSE TO DEFENDANTS' OBJECTION TO MY
MOTION TO REOPEN DISCOVERY

As the plaintiff, I would like to respond to Attorney Jordano's objection dated March 30, 2004. Attorney Jordano takes offense to my characterization of his relationship with my former attorney Karen Torre as "cozy". I have also used the term "sweetheart arrangement" to describe their relationship. I believe the facts speak for themselves. Here are the facts:

I fired my attorney on February 18, 2004. Although I did not so notify Atty. Jordano until two days later, he - not coincidentally - issued a Re-Notice of Deposition for me dated FEBRUARY 18th (see attached). This notice differed from a previous Notice - Continuation of Deposition issued on January 20, 2004 (which deposition was later cancelled) in several important respects. I have also attached a copy of that notice. You will notice that the January 20th notice is quite ordinary, but the notice dated February 18th, THE DAY I FIRED MY ATTORNEY, is quite EXTRAORDINARY. The February 18th notice says I was to be deposed by "...defendant, Court Support Services Division, Judicial Branch..". The notice also informs me that I was to bring to the deposition all documents relating to my mitigation of damages. Clearly, this notice was intended to convey to me FOR THE FIRST TIME that a settlement of my case was imminent. (When I later asked Mr. Jordano about Court Support Services Division, he said that was apparently an error.) Adding to the suspicious nature of that notice is the fact that Attorney Torre took almost TWO FULL WEEKS to file a motion to withdraw. It took another two weeks for the Court to approve her motion, thus keeping her as attorney of record in my case for almost a full month after I fired her. Clearly, there was an effort on Mr. Jordano's part to fashion some sort of a settlement prior to Atty. Torre's withdrawal so that she could collect her reward for playing along with opposing counsel.

Additional facts which support my contention are as follows:

During the period of time after I fired Atty. Torre but while she still remained attorney of record, Mr. Jordano frantically tried to communicate with me via email. A technical problem prevented his emails from reaching me, but he persisted in his attempts, actually trying to email me FORTY-EIGHT TIMES! I have attached the notice he faxed to me showing. "Delivery failed 48 attempts..." Furthermore, he sent me late-night faxes, once faxing the same document to me THREE TIMES!! He called me at home the day before the March 26th deposition (neither he nor I yet knew that Attorney Torre's withdrawal was approved on March 16th) and left a voicemail asking me if I would be attending the next day's deposition. I had previously informed him that I would not be attending since notice was issued on the day I fired my attorney. Furthermore, Mr. Jordano's repeated and URGENT requests for a status conference during the "limbo" period of Attorney Torre's withdrawal are highly suspicious. There was NEVER any urgency in settling my case until I fired Atty. Torre.

Attorney Jordano states in his March 8, 2004 Motion for Status Conference, "Prior to the close of discovery, plaintiff was deposed. He [sic] deposition was continued because certain documents had yet to be produced." This statement is untruthful. There was never any mention last year of additional documents having to be produced by me at a re-deposition. Furthermore, there is no mention of such documents in the January 20, 2004 Notice of Re-Deposition, only the Notice dated February 18th, the date I fired Attorney Torre.

As the plaintiff, I have ALWAYS wanted depositions conducted by a COMPETENT attorney, who was representing my interests. This was not the case. Attorney Torre did not even SHOW for the last three depositions, participated by speaker phone only, and did not even bother to avail herself of the video-conferencing capabilities of the deposition location.

Attorney Torre NEVER sent me a copy of Judge Fitzsimmons' Scheduling Order issued January 27, 2004. She NEVER sent me copies of ANY such documents in spite of my repeated requests for them. I see now that the order did say that discovery would close January 31, 2004. However, it is clear to me based on Atty. Torre's letter to me of Feb. 5, 2004 (copy attached), that there DID exist an

informal agreement between her and Mr. Jordano that discovery would continue. How else would Mr. Jordano explain his February 18, 2004 Notice of Re-Deposition? No exceptions are noted in Judge Fitzsimmons' Scheduling Order of January 27, 2004.

Mr. Jordano accuses me of making threats and demands. Mr. Jordano needs to look at his own behavior in this regard. He is again threatening to require that all of my medical records be produced by me, when the only reason for such a request would be to harass, intimidate, and embarass me. When things are not going Mr. Jordano's way, he likes to pursue an "insanity offense." I predict that this approach (I assume it has the imprimatur of Mr. Blumenthal) will prove to be ultimately embarrassing and degrading to the Office of the Attorney General. It only serves to underscore that the Attorney General's Office is NOT interested in justice for victims of whistleblower retaliation, but will actually CONTINUE to harass the victim and PROTECT the officials who have retaliated against him.

I urge the Court to approve my request to have James Roach and Barbara Barnwell deposed by me. If this necessitates a reopenng of discovery for that purpose, it would seem to me to be a VERY REASONABLE request in light of Mr. Jordano's repeated extensions of discovery which were freely granted by the Court.

PLAINTIFF

Paul N. Cayer
173 Old Burrville Rd.
Torrington, CT 06790
phone: 860-626-0340

---

CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on April 20, 2004 to:

Joseph Jordano
Assistant Attorney General
55 Elm St.
Hartford, CT 06141

Paul N. Cayer
Plaintiff

# *Law Offices of*
# KAREN LEE TORRE

*51 Elm Street - Suite 307*
*New Haven, Connecticut 06510*
*Telephone - (203) 865-5541*
*Facsimile - (203) 865-4844*

*99 Whitfield Street*
*Guilford, Connecticut 06437*
*Telephone - (203) 453-7720*
*Facsimile - (203) 453-7721*
**Reply to New Haven Only**

February 23, 2004

Mr. Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

Re:   **Cayer v. Roach, et al.**

Dear Mr. Cayer:

Enclosed you will find a notice that I just received scheduling the continuation of your deposition for March 26, 2004 at Attorney Jordano's office.

Very truly yours,

Karen Lee Torre

KLT:cmt

Enclosure

Cv

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER,                                    ] CASE NO. 3:02CV1130 (JCH)
      Plaintiff,                              ]
                                               ]
      v.                                      ]
                                               ]
JAMES ROACH and                                ]
CHARLES SPIRIDON,                              ]
                                               ]
      Defendants.                             ]
                                               ] FEBRUARY 18, 2004

## RE-NOTICE OF DEPOSITION

To:   **Paul Cayer**
        Thru his Attorney
        Karen Lee Torre, Esq.
        51 Elm Street, Suite 307
        New Haven, CT 06510

PLEASE TAKE NOTICE, that, pursuant to Practice Book § 13-26 *et seq.*, the defendant, Court Support Services Division, Judicial Branch, State of Connecticut, will take the deposition of Paul Cayer at 10:00 a.m. on the 26th day of March, 2004 until concluded, at 55 Elm Street, 4th Floor Conference Room, Hartford, Connecticut, upon oral examination before Brandon Reporting Service, Official Court Reporter, or some other officer duly authorized by law to take depositions. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the applicable rules and law.

The deponent is requested to bring to the place of examination for use at the said deposition and for inspection and copying by the plaintiffs, the following documents. In responding to the production requests herein, the following definition shall apply:

"Document(s)" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten or otherwise recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreement, letters, administrative complaints, notes or sound recording of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, interoffice communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, statistical records, ledgers, books of accounts, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting worksheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

1. All documents in your possession relating to the plaintiff's mitigation of his damages including, job applications, letters of application, job interviews or other documents showing plaintiff's attempt to secure employment after his retirement for WCSU in 2003.

DEFENDANT,

JAMES ROACH and
CHARLES SPIRIDON.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
Juris No. 418368
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5385

## CERTIFICATION

I hereby certify that a copy of the foregoing **Re-Notice of Deposition** was mailed on this 18th day of February, 2004 to:

Karen Lee Torre, Esq.
51 Elm Street, Suite 307
New Haven, CT 06510

_____
Joseph A. Jordano
Commissioner of the Superior Court

3

# *Law Offices of*
# KAREN LEE TORRE

*51 Elm Street - Suite 307*
*New Haven, Connecticut 06510*
*Telephone - (203) 865-5541*
*Facsimile - (203) 865-4844*

*99 Whitfield Street*
*Guilford, Connecticut 06437*
*Telephone - (203) 453-7720*
*Facsimile - (203) 453-7721*
***Reply to New Haven Only***

January 20, 2004

Mr. Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

Re:   **Cayer v. Roach, et al.**

Dear Mr. Cayer:

Please be advised that we have just received Notice of Continuation of your deposition. It has been set for 9:30 a.m. January 29, 2004 in Hartford at the Office of the Attorney General. Please make note of the above mentioned date and time and make plans to meet me there.

Very truly yours,

Karen Lee Torre

KLT:cmt

Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL CAYER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES ROACH and<br>CHARLES SPIRIDON,<br><br>    Defendants. | CASE NO. 3:02CV1130 (JCH)<br><br><br><br><br><br><br><br>JANUARY 20, 2004 |

### NOTICE - CONTINUATION OF DEPOSITION

To:    Paul Cayer
       Thru his Attorney
       Karen Lee Torre, Esq.
       51 Elm Street, Suite 307
       New Haven, CT 06510

PLEASE TAKE NOTICE, that, pursuant to Rule 30 F.R.C.P., the defendants, James Roach and Charles Spiridon, will take the deposition of Paul Cayer at 9:30 a.m. on the 29th day of January, 2004 until concluded, at the Office of the Attorney General, 55 Elm Street, 4th Floor Conference Room, Hartford, Connecticut, upon oral examination before Brandon Reporting Service, Official Court Reporter, or some other officer duly authorized by law to take depositions. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the applicable rules and law.

DEFENDANTS,

JAMES ROACH and
CHARLES SPIRIDON.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: *[signature]*

Joseph A. Jordano
Assistant Attorney General
Fed. Bar No. ct21487
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5385

## CERTIFICATION

I hereby certify that the foregoing Notice of Deposition was mailed, via first class, postage prepaid, on this 20th day of January, 2004 to the following:

Karen Lee Torre, Esq.
51 Elm Street, Suite 307
New Haven, CT 06510

*[signature]*

Joseph A. Jordano
Assistant Attorney General

2

**E-mail message**

From: p_cayer@msn.com (Paul Cayer)
Date: Wed, Mar 24, 2004, 2:55pm
To: p_cayer@webtv.net
Subject: FW: RE: March 26th deposition


----Original Message Follows----
From: "Jordano, Joseph A." <Joseph.Jordano@po.state.ct.us>
To: "Paul Cayer" <p_cayer@msn.com>
Subject: RE: March 26th deposition
Date: Wed, 24 Mar 2004 14:26:38 -0500

That caption was apparently an error. I have filed a motion with the court for an immediate status conference so we can get some of these issues resolved. Thank you.

-----Original Message-----
From: Paul Cayer [mailto:p_cayer@msn.com]
Sent: Wednesday, March 24, 2004 2:11 PM
To: Jordano, Joseph A.
Cc: p_cayer@webtv.net
Subject: March 26th deposition

Attorney Jordano,

I received your voicemail regarding the March 26th deposition that you had scheduled. Unfortunately, there is no way to proceed with that deposition.
It was scheduled by you after I had already fired my attorney. Also, the Court needs to approve Attorney Torre's withdrawal, and has not yet done so.
Furthermore, as I indicated previously, I will be insisting that the Roach and Barnwell depositions (perhaps others as well), take place before I am deposed again.

Question for you: on the "Re-Notice of Deposition" dated February 18th, 2004, the defendant is listed as "Court Support Services Division, Judicial Branch". Why is that?

-Paul Cayer

---
Get reliable access on MSN 9 Dial-up. 3 months for the price of 1! (Limited-time offer)
http://join.msn.com/?page=dept/dialup&pgmarket=en-us&ST=1/go/onm00200361ave/direct/01/

---
FREE pop-up blocking with the new MSN Toolbar – get it now! http://

**Jordano, Joseph A.**

| | |
|---|---|
| From: | postmaster@pop.state.ct.us on behalf of Postmaster [postmaster@pop.state.ct.us] |
| Sent: | Friday, March 12, 2004 8:22 AM |
| To: | Jordano, Joseph A. |
| Subject: | Undeliverable Mail |

Delivery failed 48 attempts: p_cayer@webtv.net

Original message follows.

```
Received: from spysys1.po.state.ct.us [159.247.88.70] by pop.state.ct.us
    (SMTPD32-7.15) id A5A42E26013E; Thu, 11 Mar 2004 09:20:20 -0500
Received: from unknown(159.247.88.70) by spysys1.po.state.ct.us via csmap
    id 56111548_7366_11d8_63af_0002b3e6f1cc_31322;
    Thu, 11 Mar 2004 09:13:57 -0500 (EST)
Content-class: urn:content-classes:message
MIME-Version: 1.0
Content-Type: text/plain;
    charset="US-ASCII"
Content-Transfer-Encoding: quoted-printable
X-MIMEOLE: Produced By Microsoft Exchange V6.5.6944.0
Subject: RE: Still no email from you
Date: Thu, 11 Mar 2004 09:15:15 -0500
Message-ID: <0BE4E014BDB68E4F95598D19B77D274255CC57@CTAG-EX1.ctag.ct.gov>
X-MS-Has-Attach:
X-MS-TNEF-Correlator:
Thread-Topic: Still no email from you
Thread-Index: AcQHcRXrHSYTMtLQsrCO9ukCStnDxgAAisBg
From: "Jordano, Joseph A." <Joseph.Jordano@po.state.ct.us>
To: "Paul Cayer" <p_cayer@webtv.net>
```

TEST-20

-----Original Message-----
From: Paul Cayer [mailto:p_cayer@webtv.net]=20
Sent: Thursday, March 11, 2004 8:59 AM
To: Jordano, Joseph A.
Subject: Still no email from you

Still no email from you

1

*Law Offices of*
# KAREN LEE TORRE

51 Elm Street - Suite 307
New Haven, Connecticut 06510
Telephone - (203) 865-5541
Facsimile - (203) 865-4844

99 Whitfield Street
Guilford, Connecticut 06437
Telephone - (203) 453-7720
Facsimile - (203) 453-7721
**Reply to New Haven Only**

February 5, 2004

Mr. Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

Re:   **Cayer v. Roach, et al.**

Dear Mr. Cayer:

In response to your letter of January 29, 2004, please be advised that the attorneys did not have a conference with the Court on January 6th. The judge had another matter to attend to and accordingly, we just had the conference last week. Discovery is ongoing and will continue to be ongoing. As the needs of the case require. It was agreed that defendants may file a Motion for Summary Judgment in March if they wish and if the case is to be tried, we are looking at sometime in June, 2004. It was further confirmed during the conference that you made a decision not to share your psychiatric history records and accordingly, you may not pursue a claim for non-economic damages such as emotional distress. In reliance on that understanding, Attorney Jordano will not seek your psychiatric records nor will he seek to depose your psychiatrist or other treating mental health professionals.

Very truly yours,

Karen Lee Torre

Karen Lee Torre

KLT:cmt