MAY 11 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER,  :  CASE NO. 3:02CV1130(HBF)

    Plaintiff,  :

    v.  :

JAMES ROACH and  :
CHARLES SPIRIDON,  :

    Defendants.  :  May 10, 2004

FILED

2004 MAY 14 A 10:35

U.S. DISTRICT COURT
BRIDGEPORT, CONN

PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF OF MAY 6, 2004.

As the plaintiff, I am responding to Attorney Jordano's Supplemental Brief dated May 6, 2004 in which he is again requesting the disclosure of all my psychological records. Attorney Jordano continues to lash out at me for discovering the inappropriate relationship between him and my former attorney Karen Torre. This issue of my psychological records should be put to rest. I have attached Attorney Toore's letter to me of February 5, 2004 in whch she states, "It was further confirmed during the conference that you made a decision not to share your psychiatric history records and accordingly, you may not pursue a claim for non-economic damages such as emotional distress. In reliance on that understanding, Attorney Jordano will not seek your psyciatric records nor will he seek to depose your psychiatrist or other treating mental health professionals." Furthermore, at the April 20, 2004 status conference, I indicated on the record that since I would not allow my psychological records to be disclosed, I would not be pursuing emotional distress damages, but would be pursuing economic damages (lost wages) and punitive damages. The fact that Attorney Jordano continues to pursue the matter of the disclosure of these records only serves to underscore his unhappiness that I would dare to speak the truth about what was very obviously an inappropriate relationship between him and Attorney Torre.

Also, I am quite certain, and I feel the Judge would agree, that Mr. Jordano's objections to my deposing James Roach and Barbara Barnwell would not exist if Attorney Torre were the one requesting the depositions.

If anyone should have their psychological records disclosed in this case, it would be Mr. Spiridon. Whereas I have a record of almost thirty years of harmonious working relationships, Mr. Spiridon seems to bring turmoil and conflict wherever he goes. He was actually hanged in effigy by his own employees at his former place of employment. During his short time at WestConn, he has already forced out MORE THAN HALF of his own staff. He has alienated many faculty and staff at WCSU, to the point that the President told me himself that he was considering sending Mr. Spiridon to counseling. Mr. Spiridon himself confided to me that he suffers from "Short Man's Syndrome." In the event that I am required to disclose medical records, I will move to have Mr. Spiridon disclose his psychological records since I maintain that he was the cause of conflict in the HR office.

WHEREFORE, as the plaintiff, I renew my objection to disclosing my psychological records, since this matter was already put to rest previously in an agreement between Attorney Jordano and Attorney Torre.

PLAINTIFF,

/s/ Paul Cayer

Paul N Cayer, pro se
173 Old Burrville Rd.
Torrington, CT 06790
phone: 860-626-0340

---

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on May 10, 2004 to:

Joseph Jordano
Assistant Attorney General
55 Elm St., PO Box 120
Hartford, CT 06141-0120

_[signature]_

Paul N. Cayer