173 Old Burrville Rd.
Torrington, CT 06790

July 9, 2004.

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

PRIORITY MAIL

RE: Cayer v. Roach et al, Case #3:02CV1130(HBF)

Dear Judge Fitzsimmons,

I am requesting that you please advise me whether I am permitted to contact newspaper reporters regarding my case. The most recent developments regarding the unusual forced disclosure in a civil case of personal emails and the actions by the Attorney General's Office in obstructing justice are certainly very newsworthy. Furthermore, in an era of enhanced public interest in matters of ethical conduct by State officials, I feel the public would be well-served by knowing what the Attorney General's Office considers to be ethical conduct. They also would be interested in what the Attorney General's Office considers to be an appropriate defense against charges of whistleblower retaliation. Just a thought - wouldn't things have been different in the Rowland case if years ago some State employee were brave enough to blow the whistle on him and not have to suffer retaliation for it?

Your Honor, I am requesting a reply in this matter at your earliest convenience.

Sincerely,

Paul N. Cayer, pro se

cc: Assistant Attorney General Joseph Jordano
    Attoney General Richard Blumenthal

173 Old Burrville Rd.
Torrington, CT 06790

July 8, 2004.

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Layayette Blvd.
Bridgeport, CT 06604

PRIORITY MAIL

RE: Cayer v. Roach, 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

I write to inform you of yet another attempt at obstruction of justice by Attorney Jordano. I had hoped not have to bring this matter up, but recent events in my case have left me no choice. When I was at his office on April 5, 2004 reviewing boxes full of documents responsive to my production request, I asked Attorney Jordano about a certain document that I will now refer to as the "Judith Altberg letter." I knew that after the Fensterer deposition, Ms. Fensterer gave to Atty. Jordano a written document and a videotape that he had asked to borrow. One of those documents was something I had heard about but never seen. I was not at the deposition, and my attorney was participating by speaker-phone. The documents were never provided to my attorney by Mr. Jordano. The document was a letter from a Ms. Judith Altberg, a former employee of Barbara Barnwell. Ms. Altberg is a severely disabled person who is confined to a wheelchair. In her letter, Altberg describes the humiliating and degrading experience of working for Mrs. Barnwell. The letter was very damaging to the defendants in my case. Yet when I asked Atty. Jordano about the existence of such a letter, he at first denied any knowledge of it. I continued to press him about it and it was only with great difficulty that I was able to get him to give me a copy. He claimed he had to call defendant Spiridon for it, since he did not know where it was in his office. Spiridon faxed him a copy and Jordano then presented me with it.

I am requesting that Your Honor investigate this matter and apply the appropriate sanctions for what I consider to be a deliberate attempt to conceal evidence. I am prepared to discuss this further with you at your convenience.

I have informed Attorney General Blumenthal of this matter.

Sincerely,

Paul N. Cayer, pro se

cc: Assistant A. G. Joseph Jordano
    Attorney General Richard Blumenthal

173 Old Burrville Rd.
Torrington, CT 06790

July 8, 2004.

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

PRIORITY MAIL

RE: Cayer v. Roach, 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

I consider the outright lie told to the Court by Attorney Jordano at the hearing on July 6th, 2004 concerning the employment status and whereabouts of defendant James Roach to be a very serious matter requiring an appropriate sanction by the Court. As you know, Attorney Jordano presented you with a letter just prior to the hearing which stated that defendant Roach had already retired to Florida and that a deposition by me would involve the additional burden and expense of having to either travel to Florida or pay to have Roach transported to Connecticut. Since I knew from my own sources that Roach was not only still in Connecticut, but still at WestConn, I challenged Atty. Jordano's statement. Defendant Spiridon, as you know, accompanied Atty. Jordano to the hearing and was well aware of the letter's contents. After my challenge to the statements regarding Roach, Atty. Jordano admitted that his statements were incorrect.

Your Honor, I feel that Atty. Jordano's deliberate, pre-meditated, and false statements had the express purpose of misleading the Court and obstructing justice. As you know, this is not the first time that Atty. Jordano has lied to the Court. This instance was much more serious than the last, since had I not known the truth of Roach's whereabouts, I may have given-up on my request to have him deposed, to the detriment of my case.

I urge you, Your Honor, to apply appropriate sanctions in this matter. Surely this is not conduct that should be overlooked, especially since it was committed by an Assistant Attorney General. I have also informed Attorney General Blumenthal of this matter.

Sincerely,

Paul N. Cayer, pro se

cc: Assistant A.G. Joseph Jordano
    Attorney General Richard Blumenthal