```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| PAUL CAYER | : |
| v. | : CIV. NO. 3:02CV1130 (HBF) |
| JAMES ROACH, CHARLES SPIRIDON | : |

### DISCOVERY RULINGS [Doc. ##34, 38 45]

Pending is defendants' Motion to Compel **[Doc. #34]** and plaintiff's Motion to Reopen Discovery to depose James Roach and Barbara Barnwell **[Doc. #38]**. Oral argument was held on July 6, 2004. After careful consideration, the Court rules as follows.

Plaintiff's Motion to Reopen Discovery to depose James Roach and Barbara Barnwell is **GRANTED in part and DENIED in part** as follows. **[Doc. #38]**. The Court will permit the reopening of discovery <u>solely</u> to depose James Roach and Barbara Barnwell by written questions, pursuant to Fed. R. Civ. P. 31. Plaintiff is advised to familiarize himself with Federal Rule 31 and to comply with the rule. Plaintiff will submit his questions to defendants' counsel on or before July 19, 2004. Defendants have three (3) days to object to any questions, or to serve cross questions.[1] The witnesses' answers shall be submitted under oath

---

[1] The time period under the rule has been shortened by the Court to adhere to the August 1 close of discovery. <u>See</u> Fed. R. Civ. P. 31(a)(4) (allowing 14 days to serve cross questions and 7 days thereafter to serve redirect questions and another 7 days to serve recross questions). "The Court may for cause shown enlarge or shorten the time." <u>Id.</u> The parties may make a timely request for extension of time upon a showing of good cause.

and signed by the witness by July 30, 2004.[2] Any interrogatories not objected to must be answered and submitted to plaintiff by July 30.

All other requests by plaintiff to reopen discovery are

---

[2]Rule 31(b) states,

> A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

Fed. R. Civ. P. 31(b).
> The party taking the deposition must deliver to the designated officer the notice of deposition and a copy of all questions to be asked.
>
> After the deposition officer has been served with all of the questions and the notice of deposition-or at the designated time and place, if the notice so provides-the officer must promptly administer the deposition. The officer must put the witness under oath and record verbatim the responses of the witness to the written questions, subject to any objections.
>
> Testimony may be taken stenographically. Alternatively, testimony may be recorded by audiotape or videotape. The ability to videotape the testimony affords parties the opportunity to assess, and to preserve for the finder of fact, the demeanor of the witness in answering the written questions, albeit at an attendant increase in costs, which is borne by the party who elects to tape the questioning.

7 James Wm. Moore et al., Moore's Federal Practice, § 31.12 at 31-18, 31-19 (3d ed. 2003).

2

**DENIED.**

Defendants' Motion to Compel the continued deposition of plaintiff **[Doc. #34]** is **GRANTED** as follows.  The deposition will take place in the courthouse on or before July 30, 2004. The parties will contact the Court to schedule the deposition. Plaintiff will provide defendants' counsel with his damages analysis, mitigation evidence and any documents supporting his damages analysis as requested by defendants on or before July 19, 2004.

On or before July 19, 2004, plaintiff will provide to the Court for <u>in camera</u> review copies of his treatment records from Dr. Romanos and any other medical provider.  Defendants will provide a copy of Dr. Misler's records to the Court for <u>in camera</u> review together with a proposed protective order, on or before July 19, 2004.  The Court will review the documents and rule on the disclosure of the records at a later time.

Plaintiff agreed at oral argument to forward to defendants' counsel by July 13, 2004, all e-mails he sent to current and former employees of Western Connecticut State University.

Construing plaintiff's letters dated July 8, 2004 as a Motion for Sanctions **[Doc. #45]**, the Motion is **DENIED**.  In both instances cited, plaintiff failed to file a motion to compel with a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material

without court action." Fed. R. Civ. P. 37(a)(2)(B). Plaintiff states in his first letter that, upon oral request, defendants' counsel provided the requested documentary information.  The status of Dr. Roach was corrected before the conclusion of the hearing and no prejudice to plaintiff has ensued. The Court credits the representation by defendants' counsel that these issues were at most misunderstandings that were quickly resolved or clarified. Accordingly, no sanctions are warranted.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 12th day of July 2004.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE