UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL CAYER, | : | CASE NO. 3:02CV1130(HBF) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES SPIRIDON and | : | |
| JAMES ROACH, | : | |
| | : | |
| Defendants. | : | JULY 13, 2004 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
<u>MOTIONS TO COMPEL</u>**

COME NOW the defendants and respond to the plaintiff's untimely motions to compel as follows:

1. On August 29, 2003, the plaintiff served upon the defendants a First Set of Interrogatories and Request for Production.

2. On October 28, 2003, the defendants responded to the plaintiff's discovery request. The defendants objected to scope of the requests for all communications to or from Charles Spiridon, James Roach, Barbara Barnwell, Dr. Amin Wright and William Cibes because the requests were not limited to issues in the lawsuit, but sought every communication between persons relating to the plaintiff. (See Attachments "A" and "B").

Nevertheless, included in the numerous documents produced for inspection were the records, including e-mails, for Dr. Roach, Dr. Cibes, Barbara Barnwell and Dr. Amin

1

Wright. John Jakabauski is not employed by the university and the defendants have no control over his personal records, if any.

    3.    Plaintiff's counsel filed no motion to compel additional discovery. For almost five months the plaintiff, or his counsel, had an open invitation to come and review the documents.

    4.    Recently when the plaintiff raised the issue of personal e-mails, defense counsel asked the defendants to check their records and ask non-party WCSU employees Dr. Amin Wright, and Barbara Barnwell to check and see if they had any personal e-mails from home computers relating to the plaintiff. The defendants, Ms. Barnwell and Dr. Amin Wright confirmed that they have no personal e-mails from home computer e-mails. The e-mails from WCSU have already been produced.

    4.    On January 22, 2004, some seven days before the close of discovery, plaintiff's counsel propounded an untimely discovery request seeking the discovery of additional materials that have no bearing on the case at hand. (See Attachment "C").

    5.    The plaintiff's discovery request did not provide the defendants with the mandatory 30 days required to respond before the close of discovery.

    6.    Instead of simply objecting to the request, the defendants made available to the plaintiff those documents that existed and were responsive to the requests. The plaintiff was provided with copies of any documents he marked for copying after he reviewed the materials.

    7.    The defendants object to these motions because it has already been complied with, and furthermore, these motions are an attempt by the plaintiff to reopen discovery.

8.   If the plaintiff desires to again review the documents responsive to this request and the court orders such, he is free to do so in the presence of a third party witness from our office.

WHEREFORE, the defendants request that the court deny the plaintiff's motions to compel.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
E-mail: **Joseph.Jordano@po.state.ct.us**

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Response to Plaintiff's Motions to Compel has been mailed, first class postage prepaid, on this 13th day of July, 2004, to:

Paul Cayer, pro se
173 Old Burrville Road
Torrington, CT 06790

_____
Joseph A. Jordano
Assistant Attorney General