RECEIVED

JUL 1 2 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 22 A 11: 59

U.S. DISTRICT COURT
BRIDGEPORT, CONN

PAUL CAYER,  :  CASE NO. 3:02CV1130(HBF)

    Plaintiff,  :

    v.  :

JAMES ROACH and  :
CHARLES SPIRIDON,  :

    Defendants.  :  July 9, 2004

## MOTION TO COMPEL DISCLOSURE OF EMAILS

As the plaintiff, I request that the Court compel the defendants to provide all emails as requested in my Production Request of August 29, 2003. Although the defendants have provided emails from WestConn computers, they have not provided any personal emails from home computers. The Court has determined that a request for emails includes emails from home computers. In all fairness, the defendants should be required to have these items discoverable if the plaintiff is so required. This is not a new production request. This is a request submitted August 29, 2003. Attached please find documents supporting my request for the following emails:

1. Charles Spiridon's personal emails to (and from) any University employee (current or former) concerning me, my job performance, or any of my allegations.

2. Barbara Barnwell's personal emails to other persons (whether University employees or not) regarding me or Helen Main.

3. Koryoe Anim-Wright's personal emails to other persons (whether University employees or not) concerning me or Helen Main.

4. James Roach's personal emails to (and from) Jakabauski concerning me.

5. James Roach's personal emails to Spiridon concerning me.

6. James Roach's personal emails to (and from) William Cibes concerning me.

7. Charles Spiridon's personal emails to (and from) William Cibes.

Again, I reiterate that this is not a new production request. I have already requested these items, and the defendants have not yet provided them. I expect that the content of these personal emails will be very illuminating in showing that my allegations of wrongdoing were correct, and that I was subjected to retaliatory actions for making the allegations.

WHEREFORE, as the plaintiff, I request that the Court compel disclosure by the defendants of all personal emails as described above.

PLAINTIFF,

*[signature: Paul Cayer]*

Paul N. Cayer, pro se
173 Old Burrville Rd.
Torrington, CT 06790
tel: 860-626-0340

---

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on July 9, 2004 to:

Joseph Jordano

Assistant Attorney General
55 Elm St.
~~PO Box 120~~
Hartford, CT 06141-0120

*/s/ Paul N. Cayer*
Paul N. Cayer

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER

    Plaintiff

V.

JAMES ROACH, ET AL.

    Defendants

Civil No.3:02cv1130 (HBF)

August 29, 2003

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANT JAMES ROACH

Pursuant to Rule 26 et seq. of the Federal Rules of Civil Procedure, the plaintiff, Paul Cayer, hereby requests that the defendant, James Roach, answer under oath the following interrogatories within 30 days hereof and produce legible copies of all requested documents in the defendant's possession, custody or control for inspection and/or copying at the offices of the undersigned counsel within 30 days of the date hereof.

### Definitions and Instructions

In answering these interrogatories and requests, furnish all information available to defendant including information in the possession of its attorneys, its investigators and all persons acting on its behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and state whatever information or knowledge you have concerning the

1

unanswered portions.

If the defendants refuse to answer and/or object to any interrogatory or production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory or request is being answered.

The interrogatories and requests for production which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within 20 days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a. "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b. When used in connection with any corporation, the word "personnel" means all employees, officers, and directors of the corporation.

c. "Document" or "record" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence,

2

contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if defendant does not have custody of the original, and any information contained in an electronic data base of otherwise generated or stored on a computer.

    d.    "Identify" means, with respect to a natural person (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; (6) the name and address of his or her employer; and (7) his or her relationship, if any, to defendant.

    e.    "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

    f.    "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document is situated; and (6) the subject matter of each such document or documents.

3

**Requests for Production**

1. Produce any and all documents or tangible items identified in response to any of the foregoing interrogatories.

2. Produce any and all documents, of whatever kind and description, generated in connection with any workplace violence investigation or investigation of employee conduct or improper behavior identified in response to interrogatories # 5 and #6.

3. Produce any and all service ratings or performance reviews relating to the performance of the individuals identified in Interrogatory #4 for the performance period related to the salary increase(s) awarded in the summer of 2001.

4. Produce any and all documents or any communications generated by Barbara

11

Barnwell or Dr. Anim-Wright regarding the plaintiff and any communications regarding Helen Main.

5. Produce any and all communications between you and John Jakabauski which concerned the plaintiff in any way.

6. Produce any and all communications between you and Charles Spiridon which concerned the plaintiff in any way.

7. Produce any and all communications between you and William Cibes which concern the plaintiff in any way.

8. Produce any and all communications between you and any state auditor or employee in the Office of the State Auditor regarding the plaintiff.

9. Produce any and all job descriptions for the plaintiff's position.

10. Produce any and all anti-discrimination policies in place at WestConn during the plaintiff's employment along with any and all documents, regulations, manuals,

12

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER

      Plaintiff

                                Civil No. 3:02cv1130 (HBF)

V.

JAMES ROACH, ET AL.

                                August 29, 2003

      Defendants

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANT CHARLES SPIRIDON

Pursuant to Rule 26 et seq. of the Federal Rules of Civil Procedure, the plaintiff, Paul Cayer, hereby requests that the defendant, Charles Spiridon, answer under oath the following interrogatories within 30 days hereof and produce legible copies of all requested documents in the defendant's possession, custody or control for inspection and/or copying at the offices of the undersigned counsel within 30 days of the date hereof.

### Definitions and Instructions

In answering these interrogatories and requests, furnish all information available to defendant including information in the possession of its attorneys, its investigators and all persons acting on its behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to

1

answer the remainder and state whatever information or knowledge you have concerning the unanswered portions.

If the defendants refuse to answer and/or object to any interrogatory or production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory or request is being answered.

The interrogatories and requests for production which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within 20 days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a. "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b. When used in connection with any corporation, the word "personnel" means all employees, officers, and directors of the corporation.

c. "Document" or "record" means any printed, typewritten, handwritten, or otherwise

recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if defendant does not have custody of the original, and any information contained in an electronic data base or otherwise generated or stored in a computer.

    d.    "Identify" means, with respect to a natural person (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; (6) the name and address of his or her employer; and (7) his or her relationship, if any, to defendant.

    e.    "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

    f.    "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document

3

it relates or which such document serves to contradict or rebut.

**Answer:**

5. Identify any memoranda, notes, e-mail or other communications between you and any other university employee or official which relates to the plaintiff, his job performance or any of plaintiff's allegations as set forth in his complaint.

**Answer:**

6

**Requests for Production**

1. Produce any and all documents or tangible items identified in response to any of the foregoing interrogatories.

2. Produce any documents or communications generated by Barbara Barnwell and/or Dr. Anim-Wright regarding the plaintiff and any communications regarding Helen Main.

3. Produce any and all communications between you and John Jakabauski which concerned the plaintiff in any way.

4. Produce any and all communications between you and James Roach which concerned the plaintiff in any way.

5. Produce any and all communications between you and William Cibes which concern the plaintiff in any way.

7