UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL CAYER, | : | CASE NO. 3:02CV1130 (HBF) |
| *Plaintiff*, | : | |
| v. | : | |
| JAMES ROACH  and CHARLES SPIRIDON, | : | |
| *Defendants*. | : | July 28, 2004 |

## MOTION TO DISMISS APPEAL OR IN THE ALTERNATIVE TO SEND THE MOTION BACK TO MAGISTRATE JUDGE FITSIMMONS TO BE TREATED AS A MOTION FOR RECONSIDERATION

COMES NOW the defendants and move to dismiss the interlocutory appeal filed by Paul Cayer relating to Magistrate Judge Fitzsimmons' discovery order of July 12, 2004 for lack of subject matter jurisdiction.[1]  In support of this motion the defendants point out to the court that Judge Fitzsimmons is sitting by consent of the parties pursuant to 28 U.S.C. § 636(c) and Federal Rule 73.  (See Docket entry #18). As such, the district court serves as a appellate court ONLY when the parties have consented to such pursuant to 28 U.S.C. 636(c)(4). No such agreement occurred in this case.

---

[1] Defendants submit that the Magistrate Judge inadvertently indicated in her July 12, 2004 ruling that the matter was reviewable by the district court.  This is not a referral matter. The Magistrate is handling this case by consent pursuant to 28 U.S.C. § 636(c).

In <u>Atlantic Mutual Ins. Co. v. Northwest Airlines</u>, 829 F.Supp. 1066 (E.D. Wisconsin 1993), this very issue was addressed and the court correctly held as follows:

> Where, as here, the magistrate judge has jurisdiction pursuant to the consent of the parties, and appeal of a magistrate judge's final order or judgment to a district judge may be taken only where the parties consent, at the time of the reference of the case to the magistrate judge, to appeal to a judge of the district court. Without such consent the proper route is for an aggrieved party to appeal directly to the court of appeals in the same manner as an appeal from any judgment of a district court.

Id. at 1066.

In addition, discovery rulings by a district court are interlocutory in nature and as such, are generally not appealable under 28 U.S.C. § 1292(b). The purpose of this rule is to prevent piecemeal appeals, delay of the trial and to avoid giving an opportunity for harassment and abuse. See <u>Baker v. United States Steel Corp</u>., 492 F.2d 1074, 1077 (2d Cir. 1974); <u>Franzon v. Massena Memorial Hospital,</u> 189 F.R.D. 220 (N.D. New York 1999).

In the alternative, this court should treat the plaintiff's appeal of Magistrate Judge Fitzsimmons' July 12, 2004 order as a Motion for Reconsideration and send the matter back to Magistrate Judge Fitzsimmons for a ruling.[2]

---

[2] It is regretful that Cayer has chosen to accuse Magistrate Judge Fitzsimmons of corruption with absolutely no evidence to support such a claim. His accusations are a pattern of behavior that he resorts to when someone disagrees with him. He has made such allegations against the defendants, her former attorney, defense counsel and now the Magistrate Judge.

                DEFENDANTS

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

BY:   _____
       Joseph A. Jordano  (ct 21487)
       Assistant Attorney General
       55 Elm Street
       Hartford, CT 06141-0120
       Tel: 860-808-5340
       Fax: 860-808-5383
       email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on this the 28th day of July, 2004, a true and accurate copy of the foregoing was sent by United State mail, postage prepaid, to the following:

Paul Cayer
173 Old Burrville Road
Torrington, CT  0679

United States Magistrate Holly B. Fitzsimmons
United States District Court
915 Lafayette Blvd.
Bridgeport, CT  06604

The Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd.
Bridgeport, CT  06604

                _____
                Joseph A. Jordano
                Assistant Attorney General