UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 30  P 3: 54

U.S. DISTRICT COURT
BRIDGEPORT, CONN

PAUL CAYER

v.                                   :   CIV. NO. 3:02CV1130(CFD)

JAMES ROACH,
CHARLES SPIRIDON

RULINGS and ORDER

Defendants' Request for an Order Prohibiting the Plaintiff from Destroying or Altering Electronic Evidence **[Doc. #53]** is **GRANTED** as follows. It is HEREBY ORDERED that plaintiff will not destroy, alter or otherwise manipulate any electronic e-mails that he has been ordered to produce pursuant to this Court's discovery ruling and order dated July 12, 2004 [Doc. #46].

Defendants are reminded that plaintiff is unable to produce this information on disk or CD as requested. As stated on the record July 6, plaintiff agreed to forward the subject e-mails to defendants at an e-mail address to be provided by defendants' counsel, Joe Jordano. Attorney Jordano will provide this information if he has not done so already.

Pending is defendants' Motion to Dismiss Appeal or in the Alternative to Send the Motion Back to Magistrate Judge Fitzsimmons to be Treated as a Motion for Reconsideration dated July 28, 2004 **[undocketed]**. On July 12, 2004, this Court issued a discovery ruling and order [Doc. #46]. The ruling contained a direction to the parties that any objection to the ruling and order should be directed to the District Judge assigned to

the case. That instruction was erroneously given as the parties consented to the jurisdiction of a magistrate judge on June 4, 2003 [Doc. #18], with appeal to the Second Circuit. Accordingly, I am the presiding judge on this case.

As of this date, plaintiff has not complied with the July 12, 2004 discovery ruling and order. He has since filed a motion entitled "Plaintiff's Appeal to Judge Hall of Judge Fitzsimmons's Discovery Rulings of July 14, 2004," dated July 24, 2004. **The Clerk of the Court is directed to docket this filing as a Motion for Reconsideration pursuant to D. Conn. L. Civ. 7(c).** Upon a ruling from this Court on reconsideration, further appeal may be made to the Court of Appeals. See Baker v. United States Steel Corp., 492 F. 2d 1074, 1077 (2d Cir. 1974) (orders dealing with discovery have been held interlocutory and therefore unappealable); Franzon v. Massena Memorial Hospital, 189 F.R.D. 220 (N.D.N.Y. 1999) (discussing interlocutory appeal and/or reconsideration of a discovery ruling).

Accordingly, defendant's Motion to Dismiss Appeal or in the Alternative to Send the Motion Back to Magistrate Judge Fitzsimmons to be Treated as a Motion for Reconsideration dated July 28, 2004 **[undocketed]** is **GRANTED** in accordance with this ruling.

SO ORDERED at Bridgeport this 29 day of July 2004.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

2