

# WESTERN CONNECTICUT STATE UNIVERSITY
### 181 White Street • Danbury, Connecticut 06810 • Phone 203-837-8662 • Fax 203-837-8613

## Department of Human Resources
## Dean of Human Resources

July 28, 2004

Cayer v. Roach, 3:02CV1130(HBF)

United States Magistrate Judge
Holly B. Fitzsimmons
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Dear Judge Fitzsimmons

This letter is in response to the allegations leveled by Mr. Paul Cayer against Mr. Joseph Jordano, Assistant Attorney General, in his letter to you dated July 13, 2004. In his letter Mr. Cayer wrote, "that the document (and the videotape) were given to HIM, and NOT the University." At the deposition of Ms. Carolyn Fensterer on December 30, 2003, Ms. Fensterer brought with her copies of a letter and videotape regarding Ms. Judith Altman. Upon receiving a copy of the letter and videotape, Mr. Jordano requested that I have copies made of each and forwarded to him and requested that the originals be returned to Ms. Fensterer. I agreed to have copies made because the University has the appropriate video copying equipment needed to make copies. While Mr. Jordano originally accepted the document and videotape from Ms. Fensterer, they were immediately given to me so that the needed copies could be made. Mr. Jordano gave Ms. Fensterer a business card as a receipt but it was know to everyone at the deposition that I had taken possession of the tape and letter in order to have the copies made. Mr. Jordano did not retain the original document or videotape. I proceeded to have copies of the letter and videotape made and the originals were returned to Ms. Fensterer.

In April, I received a phone call from Mr. Jordano asking if I recalled a letter regarding the disabled individual referenced in one of the depositions. The reason for his request was that Mr. Cayer was at his office going through documents submitted in the discovery request and he was looking for that particular document. I indicated to him that I recalled the letter and he asked if I would fax him a copy of the letter. I faxed him a copy of the letter shortly after the phone call.

Finally, pertaining to the misunderstanding regarding Dr. James Roach's retirement date, Mr. Cayer pieces together a series of observations and perceptions and draws an incorrect conclusion. Dr. Roach announced his retirement back in September 2003 and with the passage of time, Mr. Jordano mistakenly thought Dr. Roach's retirement date was July 1, 2004. Mr. Cayer infers that Mr. Jordano and I had a conversation in a conference room prior to the July 6, 2004 hearing whereby the issue of the retirement date arouse. Mr. Jordano and I entered the conference room to see if there was an entrance into the courtroom. We did not utilize the conference room for the purpose of having any discussion. Mr. Cayer also believes that Mr. Jordano shared a copy of his position statement with me prior to it being presented to the Court. Mr. Jordano did not and has not shared a copy of this document with me as of the date of this letter. As you are aware, during the hearing, Mr. Jordano did check with me and corrected his misunderstanding regarding Dr. Roach's retirement date. The mistaken retirement date was merely an inadvertent error.

spiridonc@wcsu.edu

EXHIBIT NO. _D_

– 2 –                                                                    July 28, 2004

I am sorry to bother the court with these matters; I hope this letter helps clarify the accusations that were raised against Mr. Jordano.

Respectfully yours,

Charles P. Spiridon
Dean of Human Resources

CPS/cs

cc:    Mr. Joseph Jordano, Esq.