```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                      :
PAUL CAYER                            :
                                      :
v.                                    :   CIV. NO. 3:02CV1130 (HBF)
                                      :
JAMES ROACH,                          :
CHARLES SPIRIDON                      :
                                      :
                                      :
                                      :
```

DISCOVERY RULINGS [Doc. ##48, 49, 54]

Pending is plaintiff's Motion to Compel Disclosure of E-Mails **[Doc. #48, 54]** and plaintiff's Motion to Compel Production of Documents Not Yet Provided **[Doc. #49]**. In both instances, plaintiff failed to file a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). This failure is sufficient to deny plaintiff's motions. After consideration of the motions on the merits, the Court rules as follows.

Plaintiff's Motion to Compel Disclosure of E-Mails **[Doc. #48, 54]** is **DENIED**. On July 12, 2004, this Cout ruled that "[a]ll other requests by plaintiff to reopen discovery [we]re DENIED." See Doc. #46 at 2-3. At oral argument, plaintiff made no request for defendants' e-mails, nor did he renew his request for defendants' e-mails from the home computers of Charles Spiridon, Barbara Barnwell and James Roach. Plaintiff acknowledges that

he received the e-mails from WCSU computers.  Defendants Barnwell and Wright confirmed that they have no personal e-mails from their home computers. [Doc. #50 at 2].  Plaintiff inaccurately states the "Court has determined that a request for emails includes e-mails from home computers." [Doc. #48].  No such global ruling has been made by this Court in writing or on the record.  Plaintiff offers no good cause why this Court should reopen discovery.  Accordingly, the motion is denied.

Plaintiff's Motion to Compel Production of Documents Not Yet Provided **[Doc. #49]** is **GRANTED**.  Plaintiff seeks "[a]ny and all schedules, diaries and calendars reflecting the activities appointments and work schedule of Dr. Amin-Wright during the two year period when Helen Main worked for her." [Doc. #49].  Defendants represent that they "made available to the plaintiff those documents that existed that were responsive to the requests." [Doc. #50 at 2].  Defendants state that "[i]f plaintiff desires to again review the documents responsive to this request and the court orders such, he is free to do so in the presence of a third party witness from our office."  Id. at 3.  Accordingly, defendants' counsel will allow plaintiff another opportunity to review the documents responsive to this request. If no such documents exist, defendants will state that in writing.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #18] on

June 4, 2003, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 6th day of August 2004.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE