```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                                  |   |                          |
|----------------------------------|---|--------------------------|
| PAUL CAYER                       | : |                          |
| v.                               | : | CIV. NO. 3:02CV1130 (HBF)|
| JAMES ROACH,<br>CHARLES SPIRIDON | : |                          |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following protective order shall govern the disclosure of the discovery information described here in during and after this litigation.[1]  The terms of the order are as follows:

1. All documents comprising the psychological medical records of plaintiff Paul Cayer produced pursuant to this Court's order of July 12, 2004, shall be considered confidential and shall not be further disclosed except as provided below.  All plaintiff's medical records shall be identified by cover sheet or legend affixed to the documents as subject to this protective order.

2. For the purpose of this Protective Order, and to further the litigation of this matter, the use and disclosure of the confidential documents and

---

[1] This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #18] on June 4, 2003, with appeal to the Court of Appeals.

information identified in paragraph 1 shall be limited to:

    a. Counsel of record for the named plaintiff in this action or plaintiff himself, if appearing pro se;

    b. Counsel of record for the named defendants in this action;

    c. The paralegal, clerical and secretarial staffs employed by counsel referenced in sections a and b above;

    d. Experts, investigators, and consultants retained in connection with this action;

    e. The Judge presiding over this action and the law clerk assigned to it;

    f. Any court reporter and clerk of the court present in his or her official capacity at any hearing, deposition or other proceeding in this action;

    g. With the Court's express permission, those persons deemed necessary for the trial of this case by defense counsel or the plaintiff.

3. Any person to whom the documents, copies thereof, or the contents of information contained therein are to be disclosed subject to this Protective Order shall be informed of the contents of the Protective order prior to said disclosure and shall agree in writing to be bound by its terms.

4. Upon receipt of the documents, defense counsel shall mark the medical records produced with the following words: "Confidential Subject to Protective Order."

5. Any party may ask the Court to modify this protective order based upon a showing of good cause that the

      modification is necessary to further the pending litigation only.  The application shall include the identity of any person to whom disclosure of information is sought, along with the reason(s) that disclosure of protected information is necessary to advance the litigation.  Application may be made to the court <u>in camera</u>, with notice to the opposing party.

6. Upon the completion of this litigation, whether by settlement or by verdict, the parties agree to either return all documents deemed confidential or to destroy them after the appeal period has passed.

SO ORDERED at Bridgeport this 6th day of August 2004.

                                  __/s/_____
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE