```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|   |   |
|---|---|
| PAUL CAYER | : |
| v. | : CIV. NO. 3:02CV1130 (HBF) |
| JAMES ROACH,<br>CHARLES SPIRIDON | : |

RULING and ORDER **[Doc. ##58, 66, 68, 69, 70, 73]**

1. Plaintiff's Appeal to Judge Hall of Judge Fitzsimmons' Discovery Rulings of July 14, 2004 **[Doc. #58]**

   Plaintiff's Appeal to Judge Hall **[Doc. #58]** is **DENIED** as **MOOT**. The parties consented to proceed before a United States Magistrate Judge [Doc. #18] on June 4, 2003, with appeal to the Court of Appeals.

   The Court construes the remainder of plaintiff's "appeal" as a Motion for Reconsideration, and **GRANTS** the motion. Upon reconsideration, the Court adheres to its prior rulings.

2. Cross Motions for Clarification of Discovery Rulings **[Doc. ##66 & 68]**

   The parties filed cross motions for clarification of this Court's July 12 and August 6, 2004 rulings on various discovery matters. The Motions for Clarification **[Doc. ## 66 & 68]** are **GRANTED**.

   After review of plaintiff's Motion for Clarification, the Court adheres to its ruling of August 6, 2004, on plaintiff's Motions to Compel Disclosure of E-Mails. Plaintiff requests no specific clarification of the August 6 ruling. Rather, he levies

unsubstantiated accusations of bias at the Court.

Defendants seek clarification of the July 12, 2004, ruling on their Motion to Compel. At the hearing, plaintiff agreed to produce "all e-mails he sent to current and former employees of Western Connecticut State University."  [Doc. #46 at 3].  This agreement was incorporated into the July 12 discovery ruling and as such, became an order of the Court to produce the e-mails by July 13, 2004. [Doc. #46].  Defendants seek clarification of this order, stating that "Mr. Cayer will interpret the court's [August 6] ruling and take the position that the Court's July 14, 2004 order does not include personal e-mails on his home computer." [Doc. #66 1-2].  The Court clarifies the ruling as follows.

It is **ordered** that plaintiff produce any and all e-mails he sent to current and former employees of Western Connecticut State University from his Web-TV and/or home computer.  Production will be made on or before Thursday, October 14 by forwarding the e-mails to the address provided by Assistant Attorney General Jordano.[1]

On July 12, 2004, the Court ordered the continued deposition of plaintiff for July 30, 2004.  The deposition was stayed pending plaintiff's appeal, which is now resolved.

It is **ordered** that the continued deposition of Paul Cayer be conducted on Tuesday, November 2, 2004 at 9:30 a.m. at the United

---

[1] Plaintiff has represented that his e-mail appliance does not provide a mechanism to print out e-mail.  This method of production was discussed and agreed to at the discovery hearing.

States District Court, 915 Lafayette Blvd., Bridgeport, CT. Mr. Cayer and counsel for defendants will report to the Judge's Chambers, Room 266, and will be assigned to a room. The date may be changed to another day during the week of November 1 by mutual agreement. Otherwise, no continuance will be granted except for good cause shown. Plaintiff will provide defendants' counsel with his damages analysis, mitigation evidence and any documents supporting his damages analysis as requested by defendants by 4 p.m. on Thursday, October 14, 2004. [Doc. #46 at 3].

It is **ordered** that, on or before Thursday, October 14, 2004, plaintiff provide to the Court for <u>in camera</u> review copies of his treatment records from Dr. Romanos and records of any other medical provider in his possession. The Court will review the documents and then rule on the request for disclosure of the records. [Doc. #46 at 3].

The Court also granted in part plaintiff's Motion to Reopen Discovery to depose James Roach and Barbara Barnwell [Doc. #46 at 1-2], but plaintiff has not followed through pursuant to the Court's order during the pendency of the appeal. The Court previously ruled that it will permit the reopening of discovery <u>solely</u> to depose James Roach and Barbara Barnwell by written questions, pursuant to Fed. R. Civ. P. 31. Plaintiff is advised to familiarize himself with Federal Rule 31 and to comply with the rule. Plaintiff will submit his questions to defendants' counsel on or before Thursday, October 14, 2004. Defendants have

seven (7) days to object to any questions, or to serve cross questions. The witnesses' answers shall be recorded under oath and signed by the witness by October 29, 2004.[2] Any questions not objected to must be answered and the responses submitted to

---

[2]Rule 31(b) states,

> A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

Fed. R. Civ. P. 31(b).

> The party taking the deposition must deliver to the designated officer the notice of deposition and a copy of all questions to be asked.
>
> After the deposition officer has been served with all of the questions and the notice of deposition-or at the designated time and place, if the notice so provides-the officer must promptly administer the deposition. The officer must put the witness under oath and record verbatim the responses of the witness to the written questions, subject to any objections.
>
> Testimony may be taken stenographically. Alternatively, testimony may be recorded by audiotape or videotape. The ability to videotape the testimony affords parties the opportunity to assess, and to preserve for the finder of fact, the demeanor of the witness in answering the written questions, albeit at an attendant increase in costs, which is borne by the party who elects to tape the questioning.

7 James Wm. Moore et al., Moore's Federal Practice, § 31.12 at 31-18, 31-19 (3d ed. 2003).

plaintiff by October 29.

Plaintiff is hereby warned that failure to comply with the Court's rulings and orders may subject plaintiff to sanctions including, but not limited to, attorneys' fees, costs, and other appropriate sanctions, which may include dismissal of this action. See Fed. R. Civ. P. 37. Plaintiff must understand that if he refuses to produce the e-mails that the defendants have requested, refuses to submit his mental health records to the Court for in camera review, or fails to appear and participate in his continued deposition on Tuesday, November 2, the Court could determine that he has willfully failed to participate in discovery and failed to follow an order of the Court regarding discovery, and that his case should therefore be dismissed. Our Circuit Court has upheld "[t]he severe sanction of dismissal with prejudice . . . even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal with prejudice of employment discrimination claim where record revealed "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action"). "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.

1988). "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Baba v. Japan Travel Bureau Int'l, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997); see also Davidson v. Dean, 204 F.R.D. 251, 258 (S.D.N.Y. 2001) ("Once the discovery Orders in this case were issued, plaintiff had two choices--to comply with the Orders or to appeal. Plaintiff did appeal the Orders and lost. Plaintiff's only choice at that point was to comply with the Orders, and only the Court ... could excuse him from that obligation."); Worldcom Network Servs., Inc. v. Metro Access, Inc., 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("sanctions are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons").

The Court is reluctant to preclude plaintiff from further litigation but may have no choice if the plaintiff fails to cooperate in completing discovery so that the case can proceed.

3. <u>Plaintiff's Motion for Order Prohibiting Defendants from Destroying or Altering Documents</u> **[Doc. #69]**

Plaintiff seeks an order "prohibiting [defendants] from altering or destroying 'any and all schedules, diaries, and calendars reflecting the activities, appointments and work schedule of Dr. Anin-Wright.'" [Doc. #69]. Plaintiff's Motion for Order **[Doc. #69]** is **GRANTED;** to the extent that these

documents exist, they may not be destroyed or altered.  On August 6, 2004, this Court ordered defendants' counsel to "allow plaintiff another opportunity to review the documents responsive to this request.  If no documents exist, defendants will state that in writing." [Doc. #64 at 2]. To date, plaintiff has not stated whether he has returned to review the documents. The parties are ordered to comply with this ruling on or before October 15.

4.  <u>Plaintiff's Motion for Hearing on the Record to Investigate Disappearance of Evidence</u> **[Doc. #70]**

Plaintiff's Motion for Hearing on the Record to Investigate Disappearance of Evidence **[Doc. #70]** is **DENIED**.  If plaintiff seeks sanctions for defendants' failure to produce discovery, he must do so pursuant to Fed. R. Civ. P. 37 and the Court will consider appropriate relief at that time.  Plaintiff is cautioned that he must support a Rule 37 motion with evidence, not unsubstantiated arguments or mere speculation.  The burden is on the moving party to prove that documents that are the subject of plaintiff's document request have been destroyed and that sanctions are appropriate under Fed. R. Civ. P. 37.

5.  <u>Plaintiff's Objection to Judge Fitzsimmons' Ex Parte Communications with Opposing Counsel and Former Counsel and Request for a Hearing</u> **[Doc. #73]**

Plaintiff "OBJECT[s] to Judge Fitzsimmons' repeated ex parte communications with opposing counsel A.A.G. Jordano and former

7

counsel Att[orney] Karen Torre." [Doc. #73].  Plaintiff's Request for a Hearing is **DENIED**.  There have been no ex parte communications about this case between the Judge and Attorney Jordano or Attorney Torre.

Plaintiff's Conduct

   Plaintiff's pleadings are replete with accusations of judicial "bias" and "corruption," and claims of ex parte communications between the Judge and defendants' counsel, Assistant Attorney General Joseph Jordano, and plaintiff's former counsel, Attorney Karen Torre. These allegations are escalating in frequency and vitriol.

   A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. §455(a).  The test employed to determine whether recusal is required is an objective one.  See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988), cert. denied, 490 U.S. 1102 (1989).  The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." Id.  No reasonable basis for

8

recusal exists here.

Accusations of judicial misconduct and/or an attorney misconduct must be brought in a proper form before the proper forum and must be supported by evidence.  Apparently plaintiff equates any ruling or order denying him the relief he seeks with evidence of judicial "bias" and or "corruption."  The Court's only interest in this litigation is to close discovery so that this matter may be tried fairly and concluded.

Plaintiff accuses defendant's counsel of, among other things, "lying," "obstructing justice," "destruction of documents," and "serious psychiatric disorders." Plaintiff is to refrain from making personal attacks on the opposing parties, on defendants' counsel, and on the Court.  If he persists, the Clerk will be directed to reject any pleadings and other communications to the Court which contain pejorative language or personal attacks.  See Novak v. National Broadcasting Company, Inc., 779 F. Supp. 1428 (S.D.N.Y. 1992) (imposing sanctions against pro se plaintiffs who misbehaved throughout trial, referring to defense counsel as "Laurel and Hardy").

"[T]he central purpose of Rule 11 is to deter baseless filings in the district court and . . . streamline the administration and procedure of the federal courts." New York News, Inc. v. Kheel, 972 F.2d 482, 487-88 (2d Cir. 1992) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (citation omitted)). "Rule 11 seeks to discourage dilatory and abusive litigation tactics." Paganucci v. City of New York, 993

F.2d 310, 312 (2d Cir. 1993).

A court may assess sanctions in the form of attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (citation omitted)). Dismissal of the action may be warranted where a party has engaged in "particularly contemptuous and disrespectful behavior." Peart v. City of New York, 992 F.2d 458, 463 (2d Cir. 1993). The court's inherent power to impose sanctions for "acting in bad faith, vexatiously, wantonly, or for oppressive reasons" applies equally to counsel and pro se litigants. Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992) (citing Chambers, 501 U.S. at 45-46). Plaintiff is reminded that he needs to focus on what he must do to prepare this case for trial. Discovery orders and deadlines must be complied with.

Plaintiff is on notice that his failure to comply with court orders could subject him to sanctions, including, but not limited to, costs and fees to the State, preclusion of evidence or causes of action, and other appropriate sanctions up to and including dismissal of the case. Fed. R. Civ. P. 37.

> Courts often are less demanding of pro se litigants than of parties who are represented by counsel. However, pro se litigants are expected to obey court orders, and are not immune from sanctions for failing to comply with discovery orders, especially if the court concludes that the disobedience is deliberate, or the litigant was warned in

>           advance that sanctions would ensue if the
>           litigant did not comply.

7 James Wm. Moore, Moore's Federal Practice §37.50[1][d] (3d Ed. 2003); <u>Valentine</u>, 29 F.3d at 49-50 ("All litigants, including pro ses, have an obligation to comply with court orders."). An appropriate sanction for violation of a discovery order may affect the claim or defense to which the discovery would have been pertinent. 7 Moore's Federal Practice §37.50[2][c]. "The sanction of dismissal with prejudice pursuant to Fed. R. Civ. P. 37 may be imposed against a pro se appellant only if the district court warned the pro se plaintiff that any further noncompliance with the orders of the district court may result in sanctions, including dismissal of the action." <u>Valentine</u>. 29 F.3d at 50; <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 88 (2d Cir. 1995) ("Dismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations, and then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to a pro se litigant, that violation of the court's order will result in a dismissal of the case with prejudice." (citations omitted)). Pro se litigants "generally are required to inform themselves regarding procedural rules and to comply with them. This is especially true in civil litigation." <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92 (2d Cir. 1995) (internal quotation marks and citations omitted); <u>see</u> <u>also</u> <u>Faretta v.. California</u>, 422 U.S. 806, 834 n. 46 (1975) ("The right of

11

self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #18] on June 4, 2003. This means that the U.S. Magistrate Judge exercises the jurisdiction of the District Court. Any appeal from a ruling of the District Court lies with the Court of Appeals, pursuant to the Federal Rules of Appellate Procedure.

SO ORDERED at Bridgeport this 6th day of October 2004.

                        ____/s/_____
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE