```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

PAUL CAYER                    :
                              :
V.                            :  CASE NO. 3:02CV1130(HBF)        2004 OCT 12  P 1:26
                              :
JAMES ROACH and               :
CHARLES SPIRIDON              :  OCTOBER 11, 2004.
```

PLAINTIFF'S RESPONSE TO JUDGE'S RULINGS and ORDER of OCTOBER 6, 2004.

As the Plaintiff, I wish to inform the Court that I cannot produce any medical records that I do not have. Your Honor will recall that on July 6th I was asked by you twice whether I had such records in my possession. I answered that I did not. This was in spite of the best attemtpts by Attorney Torre to get them into my possession. I have never seen my psychiatric records, never wanted to see them, and certainly I knew what Attorney Torre was up to. When she sent them to me against my wishes I immediately gave them to Doctor Romanos, from whom they originally came. I stated this at the July 6th hearing.

Again, let me be very clear in this matter. The return of my medical records to me by Attorney Torre without checking with Mr. Romanos whether it was OK to do so, without an indication from me that I wanted them was ETHICALLY IMPROPER, and I will obtain a letter from my psychiatrist which so states this. I do not understand why the Court views her actions as proper and appropriate, especially in light of her willful failure to send me other documents from my file that I DID want and need.

I am sorry that Your Honor chooses to characterize my remarks as vitriolic. My TRUTHFUL remarks reflect a very deeply felt sense of injustice. I believe that there is a place in the Courtroom for such discourse, and there has been a long tradition of it in American jurisprudence. It is how we arrive at the TRUTH. An impartial review of my case will, I believe, substantiate my statements. You mention that there is a proper form and forum for addressing my allegations of judicial misconduct. I have the form and I am aware of the forum. What I do not have, and I am requesting this from you, is the proper form and forum for addressing allegations I have against AAG Jordano. Please inform me what those procedures are. This is very important.

Again, I do NOT have any medical records in my possession. I DO NOT have any records to produce to the Court. Doctor Romanos will NOT release any records without a subpoena. I will move to QUASH any subpoena for these records.

As to the matter of the emails, I will comply with the judge's order and forward the emails to Mr. Jordano by the October 14th deadline.

I will appear for the November 2nd deposition. I have already provided Atty. Jordano with my damages analysis and mitigation of damages information.

As to my deposing James Roach and Barbara Barnwell by having them answer selected, pre-screened written questions, I decline to do so. That is not a deposition. That is an interrogatory. Carefully scripted answers written by Mr. Jordano will serve me no useful purpose. I will wait until trial to put them on the witness stand.

Regarding the documents I sought: Anim-Wright's schedules, calendars, and diaries, there was absolutely no point in my visting Jordano's office again to review documents since he stated that those documents no longer exist.

I assume that the Court will not be addressing my motions for sanctions against AAG Jordano, other than to say that I myself will be sanctioned for ever again making such accusations to the Court. Again, I request that the Court provide me with the proper procedures to have them addressed.

I do not understand why Your Honor abruptly cancelled oral arguments that were scheduled, I assume, for the express purpose of hearing what both sides had to say on the outstanding motions before you ruled on them. Certainly it was not possible in a two page letter to convey the entirety of the reasons and justifications for my motions. I understand I will now have to address this matter in another forum.

May I ask Your Honor, why I am not permitted to fax documents to your office when Mr. Jordano has blanket permssion to fax documents? When I attempted to do so once, I was scolded by your assistant

who informed me that I did NOT have permission to fax documents. Consequently, I drove 120 miles last Monday to deliver documents to your chambers to comply with a 2pm deadline. Mr. Jordano was able to just push a button to get his letter to you. Is that fair, Your Honor?

Finally, your last sentence states, "Any appeal from a ruling of the District Court lies with the Court of Appeals,..." Please inform me whether the entirety of your Oct. 6, 2004 ruling is appealable, and if not, which parts are appealable?

PLAINTIFF,

*[signature]*

Paul N. Cayer, pro se
173 Old Burrville Rd.
Torrington, CT 06790
860-626-0340

---

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed October 11, 2004 to:

Joseph Jordano, AAG
55 Elm St.
PO Box 120
Hartford, CT 06141-0120

*[signature]*
Paul N. Cayer