173 Old Burrville Rd.
Torrington, CT 06790

July 3, 2004.

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE:  Cayer v. Roach et al, Case # 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

This letter is being submitted to you in support of my positions on the two outstanding discovery issues which you are hearing on July 6, 2004.

#34 - Defendant's Motion to Compel

On the matter of my medical records, I object to their disclosure for the following reasons:

1. This issue has already been decided between the parties. Atty. Torre informed me in writing on Feb. 5, 2004, " It was further confirmed during the conference that you made a decision not to share your psychiatric history records and accordingly, you may not pursue a claim for non-economic damages such as emotional distress.  In reliance on that understanding, Attorney Jordano will not seek your psychiatric records nor will he seek to depose your psychiatrist or other treating mental health professionals."

2.  I have previously articulated a number of reasons why disclosure of defendant Spiridon's medical records would be more germane to the issue of our interpersonal conflict.

3. In the matter of defendants' request for disclosure of all my personal emails to WCSU employees, I have previously objected based upon it being unduly burdensome and an invasion of my privacy. Since I do not have a computer, but only a WebTV internet appliance, complying with this request would be virtually impossible given the number of such emails which have been retained.

#38 - Plaintiff's Motion to Reopen Discovery

1.  Discovery originally was to close almost a year ago, in August of 2003.  The repeated extensions that have been granted have always been due to Attorney Jordano's requests, and have been freely granted.  I request that the Court give me the same consideration.

2. Attorney Torre, in her letter to me of Feb. 5, 2004 stated, "Discovery is ongoing and will continue to be ongoing.  As the needs of the case require."  Clearly, there existed an informal agreement between Attorney Torre and Attorney Jordano that depositions could be conducted by my side after January 31, 2004.  I request that the Court honor the representation that was made to me by Attorney Torre.

3.  As I have previously indicated, I did not have Attorney Torre conduct depositions since I was definitely not happy with her performance. She participated in three of the defendants' depositions by speaker phone only, being too lazy to drive an hour to the deposition location.  We were barely on speaking terms for the past year, and she had already advised me to seek other counsel.  I have already given the Court evidence of the inappropriate relationship which existed between Atty. Torre and Atty. Jordano which worked to my detriment.

I trust Your Honor now has sufficient information to rule in the matter of the outstanding discovery issues.

Sincerely,

Paul N. Cayer, pro se
173 Old Burrville Rd.
Torrington, CT 06790
tel: 860-626-0340

## CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered on July 6, 2004 to:
Asst. A.G. Joseph Jordano

_____
Paul N Cayer