

HOLLY B. FITZSIMMONS
U.S. MAGISTRATE JUDGE

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

2004 JUL -6  A 10: 41

Office of The Attorney General
## State of Connecticut

*Tel: ( 860 ) 808-5340*
*Fax: (860) 808-5383*

RECEIVED

July 5, 2004

United States Magistrate Judge
Holly B. Fitzsimmons
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE:  **Cayer v. Roach**, **3:02CV1130(HBF)**

Dear Judge Fitzsimmons:

Pursuant to your request, this letter constitutes the defendants' position statement regarding the pending motions that have been briefed. The Court records reflect that the following motions are outstanding:

3/25/04 Defendants' Motion to Compel the plaintiff's production of certain records including his medical records and records of his mitigation of damages (Doc. # 34);

3/30/04  Plaintiff's Motion to Reopen Discovery to depose James Roach and Barbara Barnwell (Doc. # 38);

In addition, there is the plaintiff's refusal to appear for the continuation of his deposition that was started in 2003 and stopped by agreement of counsel because of the late time of day.

The defendants renewed the positions stated in their opposition to the plaintiff's motion to reopen discovery (Doc. # 36) and their initial motion and supplemental brief (Docs. #s 38 & 42) in support of the motion to compel.

The defendants oppose the plaintiff's request to reopen discovery at this late juncture. This case was filed on June 28, 2002. Discovery did not close until January 31, 2004 (some 17 months later).  The discovery period provided ample time for the plaintiff to authorize Attorney Karen Lee Torre to depose any necessary witnesses BEFORE discovery closed. At the hearing before the court on April 20, 2004, the plaintiff admitted that he did not authorize any depositions. Instead, the plaintiff now wants to rely on Ms. Torre's letter to him in February 2004 in which she indicated that discovery was ongoing. I cannot speak to Ms. Torre's misstatement, but I surmise that she was referring to several discovery issues that were still

Honorable Holly B. Fitzsimmons
United States District Court Magistrate Judge
July 5, 2004
Page 2

outstanding. But, even if Ms. Torre had correctly informed the plaintiff that discovery had closed, the plaintiff would find himself in the SAME position as he does today.

Ms. Torre's letter did not change the fact that the plaintiff had not authorized Ms. Torre to take any depositions. In fact, it is my recollection that Ms. Torre represented to the court during one of the status conferences that the plaintiff had refused her request to depose the defendants. Nevertheless, the plaintiff has offered no evidence that Ms. Torre refused a request by him to depose certain witnesses.

Former Western Connecticut State University President James Roach now resides in Florida. At the court's request I confirmed in writing that Dr. Roach is available for trial. Therefore, Mr. Cayer's request to reopen discovery should be denied. In the alternative, if the court is inclined to grant Mr. Cayer's request, he should incur the costs of either traveling to Florida for the deposition or paying the costs to bring Dr. Roach back to Connecticut.

Regarding the motion to compel, the plaintiff's medical records are essential to the defendants' case. They have independent significance and relevancy beyond the issue of the plaintiff's alleged emotional injuries. The defendants believe that these records will establish a pattern of mental illness that bears directly on what the defendants perceived as irrational and inappropriate conduct on Mr. Cayer's part in the workplace. Furthermore, Mr. Cayer's has challenged the CSU system response to an alleged workplace violence issue prompted by his remark to a WSCU police officer. He claims that the decision to require him to undergo a psychological examination and subsequent reassignment to a different supervisor was retaliatory. In order to properly refute his evidence and to counter evidence by Dr. Romano, Cayer's physician, the defendant believes that the medical records are essential.

Mr. Cayer's focus thus far has been on the issue of a proposed agreement between counsel to stipulate to his withdrawal of any alleged emotional distress damages thereby negating the need for his medical records. During one of the status conferences, I pointed out to the court the relevancy of the documents aside from the emotional distress damages. I did send Mr. Torre a proposed stipulation regarding the withdrawal of Mr. Cayer's emotional distress damages, but there was no response. Mr. Cayer has never formally agreed to such a stipulation as he told the court during the April 20, 2004 hearing:

| | |
|---|---|
| Mr. CAYER: | I never saw – Mr. – Jordano makes reference to a stipulation for, I believe, withdrawal of the emotional distress damages. |
| THE COURT: | Uh-huh. |
| MR. CAYER: | I've never seen such a document. Attorney Torre never showed me any such document. |

Honorable Holly B. Fitzsimmons
United States District Court Magistrate Judge
July 5, 2004
Page 3


MR. CAYER: -- talked about?

> Obviously, you know, I think – I feel the same way as most people would feel in my situation. I would prefer not to have those records subject to disclosure, and if that meant waiving any emotional distress claims, frankly, in view of the fact that I have other claims for lost wages, punitive damages, et cetera, that I'm willing to pursue and pursue vigorously, that I feel **I may be agreeable to such a stipulation.**

THE COURT:

> All right, you need to think about that and about the ramifications of that. There may be other circumstances under which some of your psychiatric records might be discoverable, even if you do waive your right to emotional distress damages. (pp. 15:25-16:5; 7:17-18:6).

I formally withdrew any offer to stipulate to this matter and so informed Mr. Cayer, who was representing himself at the time. The defendants are unwilling to stipulate to any limitation on the discovery of his medical records which are certainly relevant to several factual issues in this case. However, the defendants has <u>no objection to a protective order</u> limiting the disclosure of the records to approved third parties and for use at trial under seal.

In additional to medical records, Mr. Cayer has yet to produce copies of the information he provided to local newspapers, appear for the continuation of his deposition, and produce evidence of his attempts to mitigate his damages. Mr. Cayer has refused to complete his deposition unless I agreed to schedule the deposition of Dr. Roach. As has already been pointed out in the defendant's memorandum, the deposition was stopped because of the lateness of the day. Counsel was in the process of discussing Mr. Cayer's medical history at the time. The continuation deposition was noticed in BEFORE the close of discovery, but had to be rescheduled do to conflicts and Mr. Cayer's decision to represent himself.

In sum, the defendants request that the court enter an order:

1. Compelling Mr. Cayer:

    a. to a provide full complete set of his psychological medical records as stated in the discovery request of October 2003;
    b. produce a copy of all materials or information provided to any newspapers relating in any respect to his case;
    c. provide any documents evidencing his attempt to mitigate his damages.

2. That Cayer appear for the continuation of his deposition within the next 30 days;

Honorable Holly B. Fitzsimmons
United States District Court Magistrate Judge
July 5, 2004
Page 4


    3.  That Mr. Cayer's request to reopen discovery be denied.

    Thank you.

                                    Very truly yours,

                                    Joseph A. Jordano
                                    Assistant Attorney General


cc:    Paul Cayer, pro se
       173 Old Burrville Road
       Torrington, CT  06790