173 Old Burrville Rd.
Torrington, CT 06790

July 13, 2004

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE: Cayer v. Roach, case # 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

This is in response to Attorney Jordano's letter of July 12, 2004 wherein he answered my charges of improper conduct. Let me say that in attempting to extricate himself from a tangle of falsehoods, he is compelled to tell even more lies.

First, Atty. Jordano states, "The letter was subsequently produced to the University voluntarily by the witness." This is a lie. I attach a copy of Mr. Jordano's business card with his own hand-written notation showing that the document (and the videotape) were given to HIM, and NOT the university. Both items were in HIS possession originally. He reviewed both items, and NEVER gave my attorney copies.

Attorney Jordano states, "I did not readily recall the letter...". Unless Mr. Jordano went for a prefrontal lobotomy directly after receiving the letter, it is very unlikely he would not recall a document that was so damaging to the defendants. Clearly, he did not want to share this material with my attorney even though he was obligated to do so in that it was obtained at a deposition. Also very clear is that he tried to get the document out of his possession by giving it to Mr. Spiridon. It should be noted that the additional written material provided by Helen Main, which did NOT contain any "bombshells", WAS included with the other documents made available to me at Atty. Jordano's office.

Finally, concerning the matter of Mr. Jordano's lying to the Court about the whereabouts and employment status of defendant James Roach, let me say that it strains credulity to claim that a written statement that says in the first sentence "defendants' position statement..." was NOT SHARED with the defendants prior to its being presented to the Court. I do not believe it, and neither should the Court. When I arrived at the Court that morning I came upon defendant Spiridon and Mr. Jordano in the hallway after they were exiting what appeared to be a conference room. If Mr. Jordano expects me and the Court to believe that in his conference with defendant Spiridon that morning there was NO discussion of the contents of the defendants' position statement, he is insulting our intelligence.

I urge the Court to immediately investigate this serious misconduct by the Attorney General's Office.

Sincerely,

Paul N. Cayer, pro se

cc: Richard Blumenthal, AG
    Margaret Chapple, AAG

Borrowed Videotape +
Letters re handicapped
Student unable. Will
return.
12/30/03   J. Jordano



**JOSEPH J. JORDANO**
ASSISTANT ATTORNEY GENERAL

55 ELM STREET
P.O. BOX 120                    TEL (860) 808-5340
HARTFORD, CT 06141-0120         FAX (860) 808-5383
E-Mail: joseph.jordano@po.state.ct.us

Honorable Holly B. Fitzsimmons
United States District Court Magistrate Judge
July 5, 2004
Page 2

outstanding. But, even if Ms. Torre had correctly informed the plaintiff that discovery had closed, the plaintiff would find himself in the SAME position as he does today.

Ms. Torre's letter did not change the fact that the plaintiff had not authorized Ms. Torre to take any depositions. In fact, it is my recollection that Ms. Torre represented to the court during one of the status conferences that the plaintiff had refused her request to depose the defendants. Nevertheless, the plaintiff has offered no evidence that Ms. Torre refused a request by him to depose certain witnesses.

Former Western Connecticut State University President James Roach now resides in Florida. At the court's request I confirmed in writing that Dr. Roach is available for trial. Therefore, Mr. Cayer's request to reopen discovery should be denied. In the alternative, if the court is inclined to grant Mr. Cayer's request, he should incur the costs of either traveling to Florida for the deposition or paying the costs to bring Dr. Roach back to Connecticut.

Regarding the motion to compel, the plaintiff's medical records are essential to the defendants' case. They have independent significance and relevancy beyond the issue of the plaintiff's alleged emotional injuries. The defendants believe that these records will establish a pattern of mental illness that bears directly on what the defendants perceived as irrational and inappropriate conduct on Mr. Cayer's part in the workplace. Furthermore, Mr. Cayer's has challenged the CSU system response to an alleged workplace violence issue prompted by his remark to a WSCU police officer. He claims that the decision to require him to undergo a psychological examination and subsequent reassignment to a different supervisor was retaliatory. In order to properly refute his evidence and to counter evidence by Dr. Romano, Cayer's physician, the defendant believes that the medical records are essential.

Mr. Cayer's focus thus far has been on the issue of a proposed agreement between counsel to stipulate to his withdrawal of any alleged emotional distress damages thereby negating the need for his medical records. During one of the status conferences, I pointed out to the court the relevancy of the documents aside from the emotional distress damages. I did send Mr. Torre a proposed stipulation regarding the withdrawal of Mr. Cayer's emotional distress damages, but there was no response. Mr. Cayer has never formally agreed to such a stipulation as he told the court during the April 20, 2004 hearing:

> Mr. CAYER: I never saw -- Mr. -- Jordano makes reference to a stipulation for, I believe, withdrawal of the emotional distress damages.
>
> THE COURT: Uh-huh.
>
> MR. CAYER: I've never seen such a document. Attorney Torre never showed me any such document.



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel: ( 860 ) 808-5340
Fax: (860) 808-5383

July 12, 2004

United States Magistrate Judge
Holly B. Fitzsimmons
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE: **Cayer v. Roach**, 3:02CV1130(HBF)

Dear Judge Fitzsimmons:

    I am writing in response to Mr. Cayer's letters to you of July 8, 2004 accusing me of wrong doing. It is regretful that I have to continually respond to such unfounded accusations by Mr. Cayer, but given the inaccuracies and unfounded allegations in his letter, I feel compelled to respond.

    The first accusation relates to a letter I provided to Mr. Cayer when he visited our office on April 5, 2004. Mr. Cayer spent two days at our office and reviewed several thousand pages of documents the defendants produced in response to Mr. Cayer's discovery requests. The first time I learned of a letter involving WCSU student Judith Altberg was during the deposition of Ms. Fensterer or Ms. Riccardi, two WCSU employees. The letter was subsequently produced to the University voluntarily by the witness. When Mr. Cayer asked me about the letter, given the numerous cases I handle and the numerous documents in his case, I asked him to clarify to which letter he was speaking about. I did not readily recall the letter but told him that I would look into the matter. I then called Dean Spiridon and through our conversation we identified the letter to which Mr. Cayer was referring. Dean Spiridon then immediately faxed me a copy of the letter and I provided Mr. Cayer with a copy forthwith. There is no cover up and no attempt to obstruct justice.

Honorable Holly B. Fitzsimmons
United States District Court Magistrate Judge
July 12, 2004
Page 2

      The second issue relates to Dr. Roach's retirement date. As you recall, when Mr. Cayer raised the issue of Dr. Roach's retirement date at the July 6th hearing, I checked with Dean Spiridon (who was present) and he corrected my misunderstanding that Dr. Roach's last official day of work would be July 31, not July 1. It was a simple error that was immediately corrected. There was no attempt to mislead anyone. Also, I had not shared the position statement with Dean Spiridon before I delivered it to you believing that my understanding of Dr. Roach's status was correct. So Mr. Cayer's assertion that Dean Spiridon made a misrepresentation is also false.

      Thank you.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

cc:    Paul Cayer, pro se
       173 Old Burrville Road
       Torrington, CT 06790

       Richard Blumenthal, AG
       Margaret Chapple, AAG
       Charles Spiridon, WCSU (via fax)