173 Old Burrville Rd.
Torrington, CT 06790

August 11, 2004.

2004 AUG 13 P 12: 01

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06790

RECEIVED

RE: Cayer v. Roach, Case # 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

Please see the attached transcript from the July 6th hearing.    I believe, Your Honor, you will be having a lot of explaining to do - so will Karen and Joey, those other paragons of virtue and integrity.    I hope you are keeping a record of all of your ex parte communications with those individuals.

Sincerely,

Paul N. Cayer, pro se
173 Old Burrville Rd.
Torrington, CT 06790
860-626-0340


cc:  AAG Joseph Jordano

1          THE COURT:  But the Dr. Miesler evaluation,
2     are you in possession of any of the records of that
3     evaluation?
4          MR. CAYER:  I believe there was only one --
5     there was one report --
6          THE COURT:  Uh-huh.
7          MR. CAYER:  -- that I have a copy of.
8          THE COURT:  Right, that is -- it's your
9     understanding that the defendants also have a copy of
10    that?
11         MR. CAYER:  Correct.
12         THE COURT:  All right, and in term of --
13    terms of Dr. Romanos's records -- Dr. Romano or Dr.
14    Romanos?
15         MR. CAYER:  Romanos.
16         THE COURT:  Dr. Romanos.
17         MR. CAYER:  Uh-huh.
18         THE COURT:  You don't have those records
19    either, do you?  I mean, they would be in Dr. --
20         MR. CAYER:  I do not.
21         THE COURT:  They're in the doctor's
22    possession?
23         MR. CAYER  Correct.
24         THE COURT:  Okay.  All right.
25         MR. JORDANO:  Your Honor, may I inquire?  I'm

1    just curious whether or not Mr. Cayer has produced

2    those records (inaudible) to his counsel, and I'm

3    curious whether or not -- even though Mr. Cayer may not

4    have them in his possession, I'm curious if he ever

5    produced a copy of his medical records to his counsel,

6    it was already begun somewhere.

7        THE COURT:  Oh, I see.

8        Do you know the answer to that question, Mr.

9    Cayer?  Whether Attorney Torre ever obtained a set of

10    your records?

11        MR. CAYER:  She did.

12        THE COURT:  She did, okay, and you -- there

13    was an issue at one point about your obtaining your

14    file from Ms. Torre.

15        Has -- Did that happen?  Did you get her file

16    concerning your case?

17        MR. CAYER:  Well, very interesting, as I

18    expected, because I had wanted everything in my file --

19        THE COURT:  Uh-huh.

20        MR. CAYER:  -- including all the -- the

21    notices that are issued by you, et cetera, and she

22    never sent me any of those things.  She never sent me

23    the order that -- where you had indicated that

24    discovery was closing on January 31st.

25        All the things that she, on purpose, failed

1    to tell me or didn't want me to know, she basically

2    refused to send me copies, and said I was being --

3    making a nuisance of myself, she didn't have them.

4            She did return the items that I already had.

5            THE COURT:  Uh-huh.

6            MR. CAYER:  She also inappropriately sent me

7    my medical records.

8            THE COURT:  She sent you the medical records?

9            MR. CAYER:  Yeah.  That was inappropriate

10   because she didn't get them from me, she got them from

11   my psychiatrist.

12           THE COURT:  All right.

13           Did you give them back to Dr. Romanos?

14           MR. CAYER:  I gave them back to Dr. Romanos,

15   but --

16           THE COURT:  Okay.

17           MR. CAYER:  -- but that was extremely

18   inappropriate.

19       (Pause.)

20           THE COURT:  All right.  Thank you, Mr. Cayer.

21           Anything else from you?

22           MR. CAYER:  Not right now, thank you.

23           THE COURT:  All right, and Mr. Jordano, once

24   discovery is closed, are you still contemplating a

25   motion in this matter?