173 Old Burrville Rd.
Torrington, CT 06790
September 26, 2004.

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE: Cayer v. Roach, et al.   Case # 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

I am submitting this letter to explain my positions on outstanding motions to be heard at the Sept. 30th discovery calendar. Because of the two-page restriction, and the fact that there are six motions, my positions will be more fully fleshed-out at oral argument.

[58] MOTION TO RECONSIDER. I maintain that disclosure of my personal emails is an unnecessary invasion of my privacy and that of others. Furthermore, other individuals will now be vulnerable to retaliatory actions by defendant Spiridon. Also, because of the sweetheart arrangement between Atty. Torre and AAG Jordano, Atty. Torre never objected to this production request and never pushed for disclosure of defendants' personal emails. With respect to my medical records, AAG Jordano only sought to resurrect this issue after I fired his "sweetheart", Atty. Torre. The fact that the Court has so far gone along with it, only serves to underscore that I am being punished for being a pro se complainant. I have previously articulated how the despicable actions of Atty. Torre with respect to my medical records were for the sole purpose of making them vulnerable to discovery. I believe the Court and AAG Jordano knew EXACTLY what Atty. Torre was doing, hence the very interesting line of questioning directed at me at the July 6th hearing. With respect to sanctions against AAG Jordano, I maintain that AAG Jordano attempted to OBSTRUCT JUSTICE when he deliberately lied about the whereabouts and employment status of defendant Roach. That Jordano claims he did not share the written statement with the defendants is LUDICROUS. That the Court believed him is OUTRAGEOUS. Similarly, I maintain that AAG Jordano attempted to OBSTRUCT JUSTICE when he deliberately withheld the Altberg letter and videotape from my attorney, and tried to withhold the Altberg letter from me. On the matter of my request to depose the defendant Roach and Ms. Barnwell, I maintain the Court is obligated to honor Aty. Torre's representation to me that discovery is ongoing and allow me to conduct FACE-TO-FACE depositions. The Court needs to be CONSISTENT in this regard as it has ruled that the defendants may depose me again face-to-face. Providing written answers to questions is NOT a deposition. That is an INTERROGATORY.

[66] [68] MOTION FOR CLARIFICATION. I request that Your Honor explain why you have never held "GLOBALLY" that a production request for "emails" means all emails, including personal emails from home computers/internet appliances, but have only made that determination for the PLAINTIFF'S emails.

[69] MOTION PROHIBITING DEFENDANTS FROM ALTERING OR DESTROYING DOCUMENTS. Given that AAG Jordano states that these documents no longer exist, I would ask the Court why it took so long for defendants to address this issue. I would ask the Court to determine whether the destruction/disposal of these records violates the State's records-retention statutes.

[70] MOTION FOR HEARING. I assume this is the motion concerning the sudden disappearance of Dr. Anim-Wright's calendars, diaries, etc. Again, I would ask the Court to determine if the destruction/disposal of these records violates records retention statutes.

[73] MOTION FOR HEARING. I assume this is my motion concerning ex-parte communications. I am requesting that Your Honor explain any communications you may have had with Atty. Torre after I fired her. I also would like to know if there was any written or oral communication between you and AAG Jordano regarding the availabilty of defendant Roach for trial.

I request that the Court give due consideration to my arguments concerning the aforementioned outstanding motions. I will expand on these positions at oral argument.

Sincerely,

Paul N. Cayer, pro se

cc: AAG Jordano