UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL CAYER, | : | CASE NO. 3:02CV1130 (HBF) |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES ROACH and | : | |
| CHARLES SPIRIDON, | : | |
|    *Defendants*. | : | October 21, 2004 |

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION FOR SANCTIONS

The defendants have taken the unusual step of moving for sanctions because the plaintiff's most recent filing was knowingly frivolous. The plaintiff filed a motion to quash a subpoena issued by defense counsel in accordance with the court's order of October 19, 2004.

On October 20, 2004, defense counsel informed the plaintiff in response to an e-mail he sent, that the court had issued an order directing the issuance of the subpoena. (see Attachment A).  The plaintiff refused to obtain and deliver a copy of his medical records to the court for review, instead deciding to assert that he could not comply with the court's October 6, 2004 order because he no longer had the records in his possession. (See Plaintiff's filing dated October 11, 2004, Doc. # 79).  Now, he has again caused the court to expend resources on a frivolous motion to quash, to which he attaches NO supporting evidence or memorandum of law. (see Attachment B).  Instead, Cayer states in an e-mail to defense counsel that he "will also be requesting oral argument – you know that thing that Judge Holly hates so much cuz the plaintiff is on to her." (See

Attachment C). Plaintiff filed his motion after being informed by defense counsel that the court had ordered the issuance of the subpoena.

    As this court noted in its October 6, 2004 order:

> [T]he central purpose of Rule 11 is to deter baseless filings in the district court and . . . streamline the administration and procedure of the federal courts. New York News, Inc. v. Kheel, 972 F.2d 482, 487-88 (2d Cir. 1992)(quoting Cooter &. Gell v. Hartmax Corp., 496 U.S. 384, 393 (1990)(citiation omitted)). "Rule 11 seek to discourage dilatory and abusive litigation tactics." Paqanucci v. City of New York, 993 F.2d 310, 312 (2d Cir. 1993).
>
> A court may assess sanctions in the form of attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). . . .

    In the present case, the plaintiff has deliberately attempted to thwart the court's desire to review his medical records in response to the defendants' long-standing motion to compel disclosure. The court initially order the records produced for in camera review back in July of 2004. The plaintiff appealed the court order by accusing the court of corruption, having ex parte communication with his former counsel and "winking" at "certain wrongdoing by defense counsel." He offered no evidence to support his appeal except his unfounded irrational conclusions because the court "asked him if he had obtained a copy of his medical records." (see Doc. # 58).

    The plaintiff's response to the court order of October 6, 2004 necessitated a motion to compel by the defendants, resulting in the court having to order that a subpoena be issued. Now the plaintiff engages in the dilatory tactic of a motion to quash the subpoena issued to Dr. Romanos with NO EVIDENCE to support such a motion.

In sum, the motion to quash is a frivolous motion that should be denied and the plaintiff should be order to pay the defendants' attorneys fees for the time expended to respond to plaintiff's motion.

                                              DEFENDANTS,

                                              RICHARD BLUMENTHAL
                                              ATTORNEY GENERAL

              BY:      _____
                         Joseph A. Jordano
                         Assistant Attorney General
                         Federal Bar # ct21487
                         55 Elm Street, P.O. Box 120
                         Hartford, CT 06141-0120
                         Tel: 860-808-5340
                         Fax: 860-808-5383
                         E-mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 21st day of October, 2004, a true and accurate copy of the foregoing was sent by United State mail, postage prepaid, to the following:

Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

                                              _____
                                              Joseph A. Jordano
                                              Assistant Attorney General