173 Old Burrville Rd.
Torrington, CT 06790
November 5, 2004.

FILED

2004 NOV -9  A 8: 32

DISTRICT COURT

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE: Cayer v. Roach et al, Case # 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

Please note I did not receive the written notice re discovery calendar until November 4, 2004.

This letter is sent for the purpose of stating my positions on the outstanding motions to be heard by the Court at the upcoming discovery calendar of November 9, 2004.

#102, Motion for Protective Order.  My stated position has been and continues to be that I object to ANY disclosure of my medical records.

#103, Motion to Quash.  I have submitted a motion to quash the subpoena for my medical records in the possession of Dr. Romanos to be submitted in camera to Judge Fitzsimmons.  I have previously stated that such a disclosure, even in camera, violates my right to privacy and is not necessary for a proper adjudication of my case.  On SEVERAL occasions, the parties have agreed verbally to a stipulation that the records would not be subpoenaed.  Mr. Jordano states that a proposed written stipulation was sent to my former attorney.  (She never sent it to me when she supposedly sent me the contents of my "file").  Mr. Jordano has asked me on more than one occasion if I would stipulate. I stated in Court that I would.  He offered to send me a proposed stipulation.  Clearly my medical records were not to be an issue in this case until the issue was resurrected by both opposing counsel and the Court in an attempt to BLACKMAIL me into either withdrawing my case or settling. The vigor with which Mr. Jordano and the Court have gone after these records is very telling.  There has been no explanation for this change in position with respect to these records that makes any sense.   I have also indicated that I do not trust Judge Fitzsimmons with these records.  When I indicated to her that Atty. Torre's actions with respect to these records was unethical, Judge Fitzsimmons was clueless.  Even now that my own doctor has indicated that it was wrong for Atty. Torre to send those records to me, it does not appear that Judge Fitzsimmons understands the gravity of it even yet.  I certainly will not tolerate my records being handled by someone with insufficient knowledge as to the proper handling of such records.  If the Court, in spite of my objections, should rule that they must be turned over to the Court for in camera review, I will consider that action to be BLACKMAIL and will take appropriate action.  It is blackmail because it is a threatened disclosure of extremely confidential information for no purpose other than to pressure me to withdraw or settle.

#105, Motion for Sanctions.  I object to any sanctions being applied for moving to quash the subpoena.  The Court has failed to articulate a valid reason for requiring the medical records.  As the plaintiff, I have the right to move to quash the subpoena.  Such a motion is certainly not frivolous given my right to privacy and due process.

#107, Motion to Withdraw Complaint.  As the plaintiff, I almost allowed myself to be blackmailed into withdrawing my complaint.  However, I will not withdraw my complaint if it is to ruled a dismissal with prejudice.

Sincerely,

Paul N. Cayer, pro se

cc:  AAG Joseph Jordano
     AAG Margaret Chapple

AG Richard Blumenthal

---

CERTIFICATION

A copy of this letter was faxed on this date, Nov. 5, 2004 to Joseph Jordao, AAG, fax #
860-808-5383.

Paul N. Cayer