UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER                      : CASE NO. 3:02CV1130(HBF)
                                :
V.                              :
                                :
JAMES ROACH and                 :
CHARLES SPIRIDON                : November 9, 2004.

PLAINTIFF'S OBJECTION TO THE PROCEEDINGS OF NOVEMBER 9, 2004.

As the plaintiff, I object to the proceedings of today, November 9, 2004. The Court had previously ordered all parties to submit letters to Judge Fitzsimmons and to opposing counsel three days before the hearing stating their positions on the outstanding motions to be considered by the Court today. Although I did submit the required letter, Atty. Jordano did not. Curiously, when I brought it to the Judge's attention this morning, she did not even question Mr. Jordano as to why he had failed to submit the required letters - the one describing the basis for his motions, and the one describing his basis for opposition to my motions. I found this puzzling, since the Judge's directive of 11/1/04 was very clear. Are such letters optional? I am fairly certain that had I, as the plaintiff, failed to produce the required letter, the judge would have questioned me regarding its absence.

Atty. Jordano verbally articulated this morning his position on the motions, and also made some references to emails I sent to him which I believe he characterized to the Court as threatening. I believe he made those statements in support of his subpoena of my medical records. I was unable to fully and properly respond to those statements since they were not incorporated into a written statement as required by the Court.

Although I am sure it was just an accidental oversight by the Court, it would appear that this pro se's ability to fully and properly respond to Mr. Jordano's statements and motions has been hampered, and due process denied. If the Court will be using Mr. Jordano's statements about alleged threatening emails as justification for granting the subpoena for my medical records, let's get those allegations in writing so that I may properly respond.

WHEREFORE, the plaintiff respectfully requests that another hearing be scheduled, and Atty. Jordano be required to submit in advance of that hearing, pursuant to the Court's directive, the proper letter stating his positions so that I may properly rebut them at the hearing.

PLAINTIFF,

Paul N. Cayer, pro se
173 Old Burrville Rd.
Torrington, CT 06790
860-626-0340

---

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on Nov. 10, 2004 to:

Joseph Jordano
Assistant Attorney General
55 Elm St.
PO Box 120
Hartford, CT 06141-0120

Paul N. Cayer