173 Old Burrville Rd.
Torrington, CT 06790

November 19, 2004

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RE: Cayer v. Roach et al, Case # 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

At the hearing on November 9, 2004, there was a discussion on the record regarding the issue of retaliation against current WestConn employees by defendant Spiridon. You had received letters from WestConn employees Carolyn Fensterer and Hildy Ricciardi alleging retaliation by defendant Spiridon for their having been supportive of me in my complaint against the University. Ms. Fensterer and Ms. Ricciardi were also two of the individuals to whom I had sent personal emails from my home, which emails were subsequently ordered by the Court to be disclosed to the defendants. At the November 9th hearing, you instructed Atty. Jordano to again tell defendant Spiridon there was to be no retaliation. Atty. Jordano replied that he would do so. The issue of retaliation had previously come up at the July 6, 2004 hearing. At that time, you also warned defendant Spiridon, on the record, about engaging in any retaliation. Mr. Spiridon was present at that hearing with Atty. Jordano.

In her letter to you Ms. Fensterer related an incident concerning her dog that happened three weeks ago. Of the many employees that have occasionally brought their dogs to work at WCSU, only Ms. Fensterer has been subject to a personal visit by a member of the Human Resources department for the purpose of having the dog removed from the premises. Now yesterday, Ms. Fensterer received a pre-disciplinary letter (copy attached) regarding the incident, an incident that was presumed closed. Interestingly, the predisciplinary letter was issued almost directly after Ms. Fensterer issued her letter to the Court, which letter I am certain the defendants have now seen. Although the pre-disciplinary letter was issued by Mr. Fred Cratty, please know that he is second-in-command to Mr. Spiridon, and does Mr. Spiridon's bidding.

Judge Fitzsimmons, if Atty. Jordano did actually convey your directive to defendant Spiridon, then please know that Mr. Spiridon has chosen to disregard it in a very brazen manner. I can state with certainty that in my many years as Director of Human Resources at Western Connecticut State University, NEVER ONCE has a member of the Human Resources staff, until now, functioned as a personal dog-catcher. I can state categorically that NEVER ONCE has a pre-disciplinary letter been delivered IN-PERSON to an employee by a Dean or Director of Human Resources. NEVER ONCE, until now, has an employee been threatened with discipline for bringing a dog to work. These are tactics of intimidation and retaliation, pure and simple. The fact that these acts of retaliation are being carried out against a disabled 68 year-old woman with an exemplary work record, and carried out AGAINST THE WISHES OF HER OWN SUPERVISOR AND DEPARTMENT is particularly noteworthy.

It is my hope, Your Honor, that you will again address the issue of retaliation with Attorney Jordano and the defendant, with an eye toward putting an end to it once and for all.

Sincerely,

Paul N. Cayer, pro se

cc: AAG Joseph Jordano
    AAG Margaret Chapple
    WCSU President James Schmotter
    Dr. Hugh McCarney
    Mr. Frank Herbert
    Ms. Mary Dever
    CSU Chancellor William Cibes