3/18/2005

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

PAUL CAYER                          :
                                    :               2005 MAR 21  P 12: 03
V.                                  :   CIV. NO. 3:02CV1130(HBF)  DISTRICT COURT
                                    :
JAMES ROACH and                     :
CHARLES SPIRIDON                    :   MARCH 18, 2005.


**PLAINTIFF'S MOTION TO VACATE RULING AND ORDER OF NOVEMBER 9, 2004 CONCERNING PLAINTIFF'S MEDICAL RECORDS**


As the Plaintiff, I hereby request that the Court vacate the portion of its Ruling and Order of November 9, 2004 which concerns the release of my medical records to the Court for in camera review.  The order states, " It is therefore ORDERED that defendants send a copy of this ruling and order by certified mail to Dr. Romanos.  Dr. Romanos will transmit a copy of Mr. Cayer's treatment records directly to the Court for in camera review."

Attorney Jordano never complied with this order for a period of more than FOUR MONTHS.  The triggering event to get the records released to the Court by Dr. Romanos was to be a certified mailing by the defendants of a copy of the order to Dr. Romanos.  This was never done.  In Attorney Jordano's recent communications regarding this matter (copies attached), Atty. Jordano states he did have the order sent to Dr. Romanos back in November.  He is lying. No mailing was sent by him, certified or otherwise.  Neither was it faxed by him to Dr. Romanos at that time. His recent fax to Dr. Romanos was precipitated by my calling for an investigation into his conduct.  Also, the Court should know that Atty. Jordano's statement about Dr. Romanos' fax number being changed s also false, according to Dr. Romanos.

In view of the fact that the defendants did not comply with your order to get my medical records sent to you for in camera review, and that they failed to comply for OVER FOUR MONTHS, I request that the court rule that the defendants have forfeited any rights to disclosure of my medical records so that an in camera review becomes moot.  I think the reason for Atty. Jordano's failure to follow through is obvious, based upon the Court's order that I be appointed counsel to represent me in the matter of disclosure.  Attorney Jordano's statement that he "simply thought the court had the records since December" is ludicrous.  Given how obsessed he was with getting my records disclosed prior to your Nov. 9th ruling, it strains

credulity to believe that he would not have followed up on their release to the Court if he still was interested in pursuing this issue and doing battle with opposing counsel. Clearly, he was not.

WHEREFORE, the Plaintiff maintains that in the absence of incontrovertible proof to the contrary the Defendants have not complied with the November 9, 2004 order to get my medical records released to the Court for in camera review thereby forfeiting any rights to disclosure of said records, and that the Court should vacate that portion of the November 9, 2004 Ruling and Order concerning my medical records. Plaintiff requests that any proof offered by the Defendants showing compliance be scrutinized thoroughly for authenticity.

PLAINTIFF,

PAUL N. CAYER, pro se
173 Old Burrville Rd.
Torrington, CT 06790
tel: 860-626-0340

cc:   Richard Blumenthal, AG
      Margaret Chapple, AAG

---

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on March 18, 2005 to:

Joseph Jordano
Assistant Attorney General
55 Elm St.
PO Box 120
Hartford, CT 06141-0120

Paul N. Cayer

To:      Paul Cayer
From:    Jordano, Joseph A.
Subject: OPH/WBR and federal case
Date:    Thu, 17 Mar 2005 04:36:32 -0800


Dear Mr. Cayer:

Thank you for letting me know that Dr. Romanos may not have received the
Court's 11/9/04 order in your federal case. I immediately faxed a copy to him.
Apparently he has a new fax number also. I appreciate your insight because I am as
eager as are you to have Judge Fiztsimmons review your medical records and make
a decision about whether they must be disclosed. I simply thought that the court
had the records since December and was just to busy with other cases.

I sent you a copy of the deposition pages you requested regarding the documents
you agreed to produce during your last deposition. Please advise me about when I
might receive those records?

Lastly, I sent you a letter yesterday regarding the $500 bond you were ordered to
post back in 2003. The docket sheet doesn't show the bond being posted. I suspect
that the clerk made an error. Would you confirm that you did post the bond as
ordered by the court. I enclosed a copy of the court order with my letter to you.
You should get the letter in the next day or so.

On to the OPH case. I suspect that Ms. Wilkerson will ask the parties several
questions as part of pre-trial preparation, such as:

How long (in days) do you expect the hearing will go?
Are there witnesses that must be subpoenaed? Who?
What is the availability of the witnesses?
What is our availability?
What exhibits can be stipulated to, if any?
Any other pre-trial matters?


This is not an exclusive list. It is just my list based on other hearings I have been
involved in. You may want to consider some of these questions as I will do also.

RICHARD BLUMENTHAL
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

March 16, 2005

FAX 860-626-0241

Dr. Daniel Romanos
One Torrington Office Plaza
Torrington, CT 06790

RE: Cayer v. Roach, et al.

Dear Dr. Romanos:

Mr. Cayer had raised an issue that your office did not receive a copy of the court's ruling regarding the subpoena that I issued to you last year. It was my understanding that a copy of the court's November 9, 2004 order was sent to you. If that is not correct, enclosed is a copy of the order directing you to produce a copy of Mr. Cayer's medical records to the court forthwith. If you did receive the order and have already complied, you can ignore this letter with my apologies of the oversight.

Mr. Cayer was aware of this ruling and should have informed you.

Thank you.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

cc: Paul Cayer

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER                          :
                                    :
v.                                  :
                                    :    CIV. NO. 3:02CV1130 (HBF)
JAMES ROACH,                        :
CHARLES SPIRIDON                    :
                                    :
                                    :
                                    :

### RULING and ORDER

Oral argument was held on November 9, 2004, to address the
pending motions.

Accordingly, plaintiff's Motion for a Hearing **[Doc. #103]** is
**GRANTED**.

Plaintiff's Motion to Quash Subpoena for Medical Records
**[Doc. #103]** is **DENIED in part**. Plaintiff presented no new
factual information or legal argument not offered before the
Court ordered the in camera disclosure of Dr. Romanos' treatment
records on October 6, 2004. Plaintiff agreed on the record at
oral argument that there had been no change in his position or
circumstances since the Court ordered the documents produced.

It is therefore **ordered** that defendants send a copy of this
ruling and order by certified mail to Dr. Romanos. Dr. Romanos
will comply with the subpoena within ten days of his receipt of
this order as follows. Dr. Romanos will transmit a copy of Mr.
Cayer's treatment records directly to the Court for in camera
review. They shall be transmitted in a sealed envelope to Judge
Fitzsimmons' Chambers, Room 266, Second Floor Annex, 915

Lafayette Blvd, Bridgeport, CT 06604.

The Court will review the documents in camera and then rule
on defendants' request for disclosure of the records. If the
Court determines that any records appear disclosable, an attorney
will be appointed to assist plaintiff in reviewing the records
and arguing plaintiff's position in favor of nondisclosure.

The Court will reserve decision on defendants' Motion for
Protective Order [Doc. #102] and Motion for Sanctions [Doc. #105]
pending in camera review of plaintiff's medical records and a
ruling on whether disclosure is appropriate.

Dispositive motions will be filed thirty (30) days after a
final ruling on the disclosure of plaintiff's medical records.
The brief in opposition is due twenty-one (21) days later. Reply
briefs, if any, are due ten (10) days thereafter.

SO ORDERED at Bridgeport this 9th the day of November 2004.

                                    /s/
                         HOLLY B. FITZSIMMONS
                         UNITED STATES MAGISTRATE JUDGE

2