UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL CAYER, : | CASE NO. 3:02CV1130 (HBF) |
|    *Plaintiff*, : | |
| : | |
| v. : | |
| : | |
| JAMES ROACH, : | |
| CHARLES SPIRIDON, : | MARCH 28, 2005 |
|    Defendants. : | |

**DEFENDANTS' OBJECTION AND
RESPONSE TO PLAINTIFF'S MOTION TO VACATE**

The defendants hereby object to the plaintiff's Motion to Vacate filed March 21, 2005 and takes exception to several assertions made in that motion. The plaintiff asks this Court to vacate its November 9, 2004 Order for the defendants' alleged failure to timely provide a copy of that Order to Dr. Romanos (plaintiff's treating psychiatrist).

In that Order, the Court denied in part the plaintiff's Motion to Quash Subpoena for Medical Records and ordered the *in camera* disclosure of Dr. Romanos' treatment records, and that the defendants send a copy of that ruling and order by certified mail to Dr. Romanos. The Court was then to review the documents *in camera* and rule on defendants' request for disclosure of the records. That Order further provided that if the Court determines that any records appear disclosable, an attorney would be appointed to assist plaintiff in reviewing the records and arguing plaintiff's position in favor of nondisclosure.

Notably, on March 23, 2005 Dr. Romanos himself confirmed to the defense counsel's staff that he had not only received this Court's Order, but that he had already "sent the records to the Judge." [1] (Exhibit A). If Dr. Romanos had not previously received that Order, defense counsel sincerely apologizes to both this Court and the plaintiff. If that occurred, it was an inadvertent error. No one has been more eager to have this issue resolved than defense counsel.

As this Court is well aware, for over a year defense counsel has labored to obtain a copy of the plaintiff's psychiatric records which defendants believe are relevant and material to this case. In this endeavor, defense counsel has responded to numerous attempts by plaintiff designed to prevent disclosure of these records. Given all of the defense counsel's efforts expended in court hearings, drafting pleadings, and other documents in an effort to obtain these medical records, the plaintiff's argument in support of his motion to vacate is nonsensical.

On or about November 10, 2004, defense counsel received the Order via the U.S. District Court Official Court Electronic Document Filing System. Defense counsel then printed a copy of the Order to send to Dr. Romanos. November 11, 2004 was a holiday, and no support staff were working at the Office of the Attorney General. Now, more than four months later, defense counsel cannot confirm that a copy whether a copy of the Order was or was not sent to Dr. Romanos in November, 2004. Defense counsel can only represent to this Court that if Dr. Romanos did not receive a copy of the Order, that was not intentional, and could have occurred for several reasons such as mishandling by the mailroom, a misaddress, or failed delivered by the United States Post Office mail.

---

[1] The Affidavit of Linda Flaherty states that Dr. Romanos received the March 16, 2005 facsimile transmission that included the court order to 11/9/04. (Exhibit A).

2

It was not until more than four months later that defense counsel first became aware that Dr. Romanos may not have received the Order when that issue was raised by the plaintiff in a March 15, 2005 letter. That letter from plaintiff addressed to defense counsel's supervisor accused counsel of failing to comply with the November 9, 2004 order because he was angry about an aspect of his administrative complaint pending before the Commission on Human Rights and Opportunities.

Learning for the first time that there may have been a miscommunication, counsel immediately took steps to ensure that Dr. Romanos immediately received a copy of the Court's Order. Counsel had staff telephone Dr. Romanos' office and confirm the fax number that appeared on Dr. Romanos' office stationery contained in the defendants' file. At that time, Dr. Romanos' office provided a different fax number than the one appearing on Dr. Romanos' stationery. (Exhibits B, C attached hereto.) A copy of the November 9, 2004 order was then faxed to Dr. Romanos along with a letter apologizing for any error if Dr. Romanos had not received it previously. (Exhibit D).[2]

At that same time, counsel sent a letter to the plaintiff thanking him for bringing this issue to his attention. (Exhibit E). The following day, on March 17, 2005, defense counsel sent an email to Mr. Cayer to discuss other issues and again thanked him for raising the issue. (See Exhibit F). As stated in the March 17, 2005 email, defense counsel has also been waiting for a ruling from the Court and assumed that the Court was occupied with other matters.

---

[2] The defendants note the following pertinent information is absent from the plaintiff's submission: (a) when did plaintiff learn of the 11/10/04 order; (b) Did plaintiff discuss the Order with Dr. Romanos; (c) why did the plaintiff wait to raise this issue before the Court; and, (d) did plaintiff do anything to hinder compliance with this Order or deliberately delay in bringing that matter to the court's attention?

On March 23, 2005, defense counsel had a staff member contact Dr. Romanos' office to confirm his receipt of the March 16, 2005 facsimile transmission of the Order. Dr. Romanos told the staff member that he had received the fax and "sent the records to the judge." [3]

Importantly, if there was an inadvertent delay in Dr. Romanos' receipt of the Order, there has been no prejudice to the plaintiff. The delay, while regrettable if it did occur, has not resulted in plaintiff's medical records being disclosed. Dr. Romanos confirms that he has sent the records to Judge Fitzsimmons and they should now be in the Court's possession. The Court has not ruled on the pending motion to compel.

Accordingly, the defendants ask the Court to deny the plaintiff's motion and conduct the planned *in camera* inspection.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Joseph A. Jordano  (ct 21487)
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
Email:Joseph.Jordano@po.state.ct.us

---

[3]  The staff member also discussed Dr. Romanos' receipt of an administrative subpoena involving a CHRO proceeding filed by Mr. Cayer that is distinct from the pending litigation in federal and state court.

4

**CERTIFICATION**

The undersigned hereby certifies that on the 28th day of March, 2005, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following parties of record:

 Paul Cayer
173 Old Burrville Road
Torrington, CT  06790

_____
Joseph A. Jordano
Assistant Attorney General