## AFFIDAVIT OF LINDA A. FLAHERTY

I, Linda Flaherty, having been duly sworn and upon oath state as follows:

1. I am over the age of eighteen (18) years and believe in the obligation of an oath.

2. On March 23, 2005, I called Dr. Romanos at (860) 482-9321 to inquire about his receipt of certain correspondence, a federal court order, and an administrative subpoena.

3. I spoke to Pat, the Office Manager. Pat confirmed that Dr. Romanos has a different fax number than was listed on his December 20, 2002 office stationery. Pat also indicated that the fax number was changed a while ago – probably a few years. She gave me the new fax number as (860) 626-0241.

4. I asked Pat to confirm receipt of a fax sent by this office on March 16, 2005 regarding a federal court order. Pat transferred me to speak directly to Dr. Romanos.

5. Dr. Romanos confirmed he received the federal court order and letter dated March 16, 2005 from this office via fax. He also stated that he sent a copy of the requested medical records to the judge.

6. I further inquired of Dr. Romanos if he, or anyone from his office, will be attending (and bringing the requested medical records) to the CHRO meeting scheduled for 2:00 p.m. on March 23, 2005. Dr. Romanos confirmed that he received the administrative subpoena on March 18, 2005 regarding the CHRO hearing. Dr. Romanos then read back to me the language from the administrative subpoena instructing the

EXHIBIT NO. A

custodian of the records of his office to appear at CHRO and bring with him/her the requested medical records.

7. I asked Dr. Romanos if he, or someone else from his office, will be attending the CHRO hearing scheduled for this afternoon. He said "No."

Further affiant sayeth not.

Dated at Hartford, Connecticut this 23rd day of March, 2005.

_____
Linda A. Flaherty

STATE OF CONNECTICUT   :
                       :   ss. Hartford
COUNTY OF HARTFORD     :

Subscribed and sworn to before me, the undersigned officer, this 23rd day of March, 2005.

_____
Nancy A. Brouillet
Commissioner of the Superior Court or

DANIEL R. ROMANOS, M.D.
SUITE 301
ONE TORRINGTON OFFICE PLAZA
TORRINGTON, CONNECTICUT 06790

TELEPHONE 860-482-9321
FAX 860-482-9321

January 28, 2002

Andrew Meisler, M.D.
664 Prospect Avenue
Hartford, CT 06105

Dear Dr. Meisler:

I met with Paul Cayer a few days ago to discuss your evaluation. Mr. Cayer is concerned that the part of your report which suggested he is suffering from paranoia is inaccurate and may make his position more difficult. I assume the issue of paranoia was raised by the MMPI.

As his therapist for the past six years, I have come to know Paul quite well and, in my opinion, he has never exhibited symptoms of paranoia. He has had ongoing, significant interpersonal difficulties at work, but, in my opinion, his perceptions of these conflicts are most probably accurate. As I recall, some of the questions in the MMPI refer to authority, work figures, etc. and may have been answered in a way that misrepresents Mr. Cayer's psychological status and are more a reflection of the conflicts at work.

With regard to Mr. Cayer's anger and comments to Lieutenant Connor, the situation in the work place has created feelings of significant anger and stress for Mr. Cayer. In my opinion, these feelings are consistent with the situation and not exaggerated on the basis of some psychopathology. Mr. Cayer had worked at his job for thirty years with no difficulty until this incident. He is a very intelligent, sensitive, responsible, caring individual who possesses a strong sense of integrity and justice which has caused him to react strongly to a situation at work which he viewed as quite unfair.

I agree with you that Mr. Cayer poses a very low risk of violence to any individuals at work. Let me also say that I do not believe that he harbors significant resentment towards anyone and I do feel that he would be able to reenter the work environment and,

EXHIBIT NO. B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL CAYER, | : | CASE NO. 3:02CV1130(HBF) |
| Plaintiff, | : | |
| v. | : | |
| CHARLES SPIRIDON and JAMES ROACH, | : | |
| Defendants. | : | March 22, 2005 |

### AFFIDAVIT OF LEONARD AUSTER

I, LEONARD AUSTER, having been duly sworn deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath and have personal knowledge of the facts herein contained.

2. I am a Paralegal Specialist 2 with the Office of the Attorney General and am currently assigned to the Employment Rights Department.

3. At Assistant Attorney General Joseph A. Jordano's request, I contacted the office of Dr. Daniel Romanos to verify his facsimile telephone number appearing on the office stationary in order to send him documents.

4. I utilized stationary of Dr. Romanos that was in our file and listed his office telephone number to call his office.

5. I called his office on March 16, 2005 and got the fax telephone number from a receptionist who answered the telephone number listed for Dr. Romanos.

EXHIBIT NO. C

6. The fax telephone number provided to me, 860 626-0241, by the receptionist for Dr. Romanos's office is different from what is listed on the stationary for Dr. Romanos that is in our file.

7. I have read the foregoing statements and swear that they are true to the best of my knowledge and belief.

_____
Leonard S. Auster
Paralegal Specialist 2
Attorney General's Office

STATE OF CONNECTICUT     )
                                              )     ss. Hartford
COUNTY OF HARTFORD    )

Sworn and subscribed to before me on this 22nd day of March, 2005.

_____
Commissioner of the Superior Court/
Notary Public
Commission Expires _____

2



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Stree
P.O. Box 120
Hartford, CT 06141-0.

Office of The Attorney General
## State of Connecticut

March 16, 2005

FAX 860-626-0241

Dr. Daniel Romanos
One Torrington Office Plaza
Torrington, CT 06790

RE: Cayer v. Roach, et al.

Dear Dr. Romanos:

Mr. Cayer had raised an issue that your office did not receive a copy of the court's ruling regarding the subpoena that I issued to you last year. It was my understanding that a copy of the court's November 9, 2004 order was sent to you. If that is not correct, enclosed is a copy of the order directing you to produce a copy of Mr. Cayer's medical records to the court forthwith. If you did receive the order and have already complied, you can ignore this letter with my apologies of the oversight.

Mr. Cayer was aware of this ruling and should have informed you.

Thank you.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

cc: Paul Cayer

EXHIBIT NO. D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER            :
                      :
v.                    :    CIV. NO. 3:02CV1130 (HBF)
                      :
JAMES ROACH,          :
CHARLES SPIRIDON      :
                      :
                      :

RULING and ORDER

Oral argument was held on November 9, 2004, to address the pending motions.

Accordingly, plaintiff's Motion for a Hearing **[Doc. #103]** is **GRANTED**.

Plaintiff's Motion to Quash Subpoena for Medical Records **[Doc. #103]** is **DENIED in part.** Plaintiff presented no new factual information or legal argument not offered before the Court ordered the in camera disclosure of Dr. Romanos' treatment records on October 6, 2004. Plaintiff agreed on the record at oral argument that there had been no change in his position or circumstances since the Court ordered the documents produced.

It is therefore **ordered** that defendants send a copy of this ruling and order by certified mail to Dr. Romanos. Dr. Romanos will comply with the subpoena within ten days of his receipt of this order as follows. Dr. Romanos will transmit a copy of Mr. Cayer's treatment records directly to the Court for in camera review. They shall be transmitted in a sealed envelope to Judge Fitzsimmons' Chambers, Room 266, Second Floor Annex, 915

Lafayette Blvd, Bridgeport, CT 06604.

The Court will review the documents *in camera* and then rule on defendants' request for disclosure of the records. If the Court determines that any records appear disclosable, an attorney will be appointed to assist plaintiff in reviewing the records and arguing plaintiff's position in favor of nondisclosure.

The Court will reserve decision on defendants' Motion for Protective Order [Doc. #102] and Motion for Sanctions [Doc. #105] pending *in camera* review of plaintiff's medical records and a ruling on whether disclosure is appropriate.

Dispositive motions will be filed thirty (30) days after a final ruling on the disclosure of plaintiff's medical records. The brief in opposition is due twenty-one (21) days later. Reply briefs, if any, are due ten (10) days thereafter.

SO ORDERED at Bridgeport this 9th the day of November 2004.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

2



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
State of Connecticut

Tel: (860) 808-5340
Fax: (860) 808-5383

March 16, 2005

Mr. Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

RE:   *Paul Cayer v. James Roach*
      Civil Action No. 3:02CV01130

Dear Mr. Cayer:

    Thank you for your recent letter in which you point out that Dr. Romanos may not have received a copy of the Court's November 9, 2004 Order directing him to produce your medical records to the Court. Upon receipt of your letter, I immediately faxed and mailed him a copy of the Order and copied you on that letter.

    I presumed that you received from the Court a copy of the November 9, 2004 order and had the opportunity to discuss it with Dr. Romanos since you testified last November that you were still under his care.

    As you know, the parties have been eager to get this matter resolved before the Federal Court so your case can move forward. My apologies if there was an inadvertent oversight.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

JAJ:lf

cc:   Honorable Holly B. Fitzsimmons, Magistrate Judge

EXHIBIT NO. E

March 16, 2005
Page 2

bcc:    Margaret Chapple, Assistant Attorney General

**Jordano, Joseph A.**

| | |
|---|---|
| From: | Paul Cayer [p_cayer@webtv.net] |
| Sent: | Thursday, March 17, 2005 8:21 AM |
| To: | Jordano, Joseph A. |
| Cc: | Chapple, Margaret Q.; Attorney General; p_cayer@webtv.net |
| Subject: | Re: OPH/WBR and federal case |

Very clever, Sir.  You have a very fertile imagination.  I hope you have proof that you sent the order to Romanos.  I don't believe that you do, except for something you might try to manufacture.     -PC


P.S. - Also very clever that little agreement you had with Karen about the bond.  Did you just happen to check if it had been posted?  You're a riot, Sir.    -PC

-----Original Message-----
From: Jordano, Joseph A.
Sent: Thu, 17 Mar 2005 04:36:32 -0800
To: Paul Cayer
Subject: OPH/WBR and federal case



Dear Mr. Cayer:

Thank you for letting me know that Dr. Romanos may not have received the

Court's 11/9/04 order in your federal case. I immediately faxed a copy to him. Apparently he has a new fax number also. I appreciate your insight because I am as eager as are you to have Judge Fiztsimmons review your medical records and make a decision about whether they must be disclosed. I simply thought that the court had the records since December and was just to busy with other cases.

I sent you a copy of the deposition pages you requested regarding the documents you agreed to produce during your last deposition. Please advise me about when I might receive those records?

Lastly, I sent you a letter yesterday regarding the $500 bond you were ordered to post back in 2003. The docket sheet doesn't show the bond being posted. I suspect that the clerk made an error.  Would you confirm

that you did post the bond as ordered by the court. I enclosed a copy of

the court order with my letter to you. You should get the letter in the next day or so.

On to the OPH case.  I suspect that Ms. Wilkerson will ask the parties several questions as part of pre-trial preparation, such as:

    How long (in days) do you expect the hearing will go?
    Are there witnesses that must be
subpoenaed? Who?
    What is the availability of the
witnesses?
    What is our availability?
    What exhibits can be stipulated to, if any?
    Any other pre-trial matters?

This is not an exclusive list. It is just my list based on other hearings I have been involved in. You may want to consider some of these

questions as I will do also.

1

EXHIBIT NO. F