## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL CAYER, | : | CASE NO. 3:02CV1130 (HBF) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES ROACH  and | : | |
| CHARLES SPIRIDON, | : | |
| *Defendants*. | : | JULY 1, 2005 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Comes now defense counsel and in response to the plaintiff's motion for sanctions dated June 27, 2005 states that most of the issues raised by the plaintiff were addressed by the court during the hearing on June 23, 2005. Counsel will not reiterate all of the points he made to the court except to say that he has appeared before Hon. Holly Fitzsimmons for several years and has never deliberately disobeyed or ignored a court order.  Plaintiff offers no evidence to refute counsel's contention that it was an inadvertent error that caused the delay in transmitting the court's November 9, 2004 order to Dr. Daniel Romanos.  The facts surrounding the apparent error and defense counsel's prompt response when plaintiff first raised the issue in March 2005 has been fully explained and did not result in any prejudice to the plaintiff.  Counsel provided the court with a detailed explanation, took prompt action to correct the problem when he learned of it, did not act in bad faith and ensured that the records were delivered without inconvenience to the court.  All of these factors mitigate against any sanctions for an inadvertent error.  See Church of Scientology International v. Time Warner, Inc. et al., 1994 U.S. Dist. LEXIS 1095 (S.D.N.Y. 1994).

Defendants must respectfully disagree with the plaintiff's contention he was prejudiced because he "wanted to bring his case to trial." The court order of November 9, 2004 stated that the deadline for the filing of dispositive motion was 30 days after the court ruled on the pending motion to compel. Accordingly, if the plaintiff was eager to get his "case to trial" and felt that defense counsel was deliberately delaying his compliance with the court's order, he need only have contacted defense counsel to inquire about the status of the matter.

The plaintiff's allegation that counsel lied to the court when he represented that an attempt was made in March 2005 to fax the November 9, 2004 order to Dr. Romanos is incorrect. The affidavit of paralegal Leonard Auster, attached to the Defendants' Objection of the Motion to Vacate explains the circumstances that disprove this assertion.

The disclosure of his medical records was discussed during the June 23, 2005 hearing. During the discussion Judge Fitzsimmons correctly observed that it was not improper for counsel to direct the court's attention to records it already had in its possession. The court had <u>all</u> of the information regarding the plaintiff and no medical information was disclosed by way of the June 21, 2005 letter. Defense counsel respectfully disagrees with plaintiff's conclusion that directing the court to three dates equates to the disclosure of confidential medical information under Connecticut law. See Conn. Gen . Stat. 52-146d(2).[1]

Lastly, the plaintiff's assertion that somehow defense counsel is afraid of an attorney being appointed to assist plaintiff with the issue of disclosure of his records is illogical. Why would defense counsel expose himself to potential sanctions by ignoring

---

[1]     Defense counsel also points out that the information referenced for the court was not of a medical nature.

the very order that potentially would provide the records that counsel has sought through

hours of work and several court hearings?  In all three legal proceedings, the defendant

has sought the plaintiff's medical records.  If counsel decided that he no longer wanted

the plaintiff's medical records, he would have simply withdrawn his motion to compel

disclosure.

The defendants ask the court to deny the plaintiff's motion for sanctions.


DEFENDANTS,
JAMES ROACH,
CHARLES SPIRIDON

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:   _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar No. ct21487
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel.:  (860) 808-5340
Fax.: (860) 808-5383
E-mail:  Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Opposition to Plaintiff's

Motion for Sanctions was sent by United States first class mail, postage prepaid, this 1st

day of July, 2005, to:

      Paul Cayer, pro se
      173 Old Burrville Road
      Torrington, CT  06790

                                _____

                                Joseph A. Jordano
                                Assistant Attorney General