```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

                                        :
PAUL CAYER                              :
                                        :
v.                                      :   CIV. NO. 3:02CV01130 (HBF)
                                        :
JAMES ROACH,                            :
CHARLES SPIRIDON                        :
                                        :
                                        :

### RULING ON PENDING DISCOVERY MOTIONS AND SCHEDULING ORDER

I.  Introduction

On June 23, 2005, oral argument was held on the pending motions. For the reasons that follow, defendants' Motion for Protective Order **[Doc. #102]** is **denied as moot** and the Motion for Sanctions **[Doc. #105]** is **withdrawn**. Plaintiff's Motion to Vacate **[Doc. #122]** and Motion for Sanctions **[Doc. #129]** are also **denied**.

II.  Background

This case is a civil rights action under 42 U.S.C. §1983 filed by plaintiff, who now proceeds pro se, against his employer. The remaining discovery issue is the disclosure of plaintiff's medical records. The parties agree that in all other respects discovery is now closed. Defendants seek production of his treatment records from plaintiff's psychiatrist, Dr. Romanos, which were provided to the Court in camera and are currently under seal. Plaintiff seeks to vacate the Court's prior ruling [doc. #114], denying plaintiff's motion to quash the subpoena for his medical records. Plaintiff also seeks sanctions against

1

defendants for their conduct in this matter.

The parties have contested the disclosure of plaintiff's medical records for over a year.  On March 25, 2004, defendants filed a Motion to Compel [Doc. #34], requesting that plaintiff provide the Court, for <u>in camera</u> review, copies of treatment records from Dr. Romanos.  The Court granted the Motion to Compel on July 14, 2004 [Doc. #46], and on August 9, 2004, the Court issued a Protective Order governing the disclosure of the records [Doc. #65].

Plaintiff failed to produce Dr. Romanos' records, and on October 6, 2004, the Court ordered plaintiff to provide this information within ten days. [Doc. #77].  On October 18, 2004, the Court denied defendants' Motion to Compel Compliance [Doc. #80] without prejudice, but ordered defendants to issue a subpoena for Dr. Romanos' records and stated that defendants could seek appropriate relief if plaintiff failed to comply with the Court's October 6 order. [Doc. #81].  Defendants filed a Motion for Protective Order in compliance with the procedures for the transfer of medical information under the Hospital Insurance Portability and Accountability Act ("HIPAA") of 1996. [Doc. #102].  Plaintiff moved to quash the subpoena. [Doc. #103].  In response, defendants filed a Motion for Sanctions against plaintiff. [Doc. #105].

The Court heard oral argument on plaintiff's Motion to Quash [Doc. #103] on November 9, 2004.  The motion was denied in part, and defendants were ordered to send a copy of the Court's ruling

[Doc. #114] by certified mail to Dr. Romanos, ordering the doctor to comply with the subpoena. [Doc. #114]. Also, in the November 9 ruling, the Court reserved decision on defendants' Motion for Protective Order [Doc. #102] and Motion for Sanctions [Doc. #105], pending an in camera review of the records and a ruling on whether disclosure of the medical records was appropriate. [Doc. #114]. Before determining that any of plaintiff's medical records were disclosable, the Court provided that it would appoint an attorney for the plaintiff for the limited purpose of arguing on his behalf. [Doc. #114].

On March 15, 2005, plaintiff informed defendants that Dr. Romanos had never received the Court's November 9 order. [Doc. #123]. Defendants could not confirm whether or not a copy had been sent to Dr. Romanos, but represented to the Court that the failure to notify him was unintentional. [Doc. #123]. Defendants faxed a copy of the November 9 order to Dr. Romanos on March 16, and confirmed that Dr. Romanos had sent the records to the Court. [Doc. #123]. The records were received by the Court in camera on March 21, 2005 and were placed under seal.

In response, on March 21, 2005, plaintiff filed a Motion to Vacate the Court's November 9 order. [Doc. #122]. The basis of his motion, he argued, was that defendants had purposefully failed to contact Dr. Romanos, and therefore had "forfeited any rights" to the medical records. [Doc. #122]. Furthermore, plaintiff suggested that defendants did not subpoena the records because they did not want to be opposed by appointed counsel,

should the Court determine that the records were disclosable. [Doc. #122].

The Court heard oral argument on the outstanding motions on June 23, 2005. Following the hearing, plaintiff filed a Motion for Sanctions against defendant for, among other things, "deliberately and brazenly lying" to the Court about the subpoena, and for harming him by delaying the start of his trial. [Doc. #129]. Defendants denied misrepresenting the situation to the Court, and argued that their mistake did not prejudice plaintiff's case. [Doc. #130].

III. Defendants' Motion for Protective Order **[Doc. #102]**

This motion was filed in accordance with the November 9 order directing defendants to subpoena medical records from Dr. Romanos. Because the Court has already received these records from Dr. Romanos, the motion is **denied as moot.**

The Court's existing Protective Order [Doc. #65] continues to govern the disclosure of all discovery in this case.

IV. Defendants' Motion for Sanctions **[Doc. #105]**

At the hearing, defendants **withdrew** this motion on the record.

4

V.   Plaintiff's Motion to Vacate **[Doc. #122]**

Plaintiff asks the Court to vacate its November 9 order denying in part his motion to quash the subpoena of Dr. Romanos [Doc. #114]. Despite his firm belief that defendants' counsel intentionally failed to follow the court's order and acted in bad faith, plaintiff cannot support that claim with evidence. There has been no prejudice to plaintiff, or this case, except for delay in the progress of the case. Accordingly, plaintiff's Motion to Vacate is **denied.**

VI.  Plaintiff's Motion for Sanctions **[Doc. #129]**

The Federal Rules of Civil Procedure provide courts with the discretion to impose sanctions upon a party for failure to cooperate in discovery. Fed. R. Civ. P. 37(b). But as an extraordinary remedy, a court may only impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). Plaintiff alleges that defendants' failure to subpoena Dr. Romanos was deliberate and harmful to the prosecution of his case. However, plaintiff cannot demonstrate with particularity any evidence of bad faith, nor has he shown any prejudice caused by the failure to comply. On this record, and after careful consideration, the Court finds that the error by defendants' counsel was inadvertent. See Church of Scientology Int'l v. Time Warner, Inc., 1994 WL 38677 at *3-4 (S.D.N.Y. Feb. 04, 1994) (declining to impose sanctions where error was minor, within the

scope of discovery, did not result in destruction of evidence, and was remedied within days and without the compulsion of the court). Accordingly, plaintiff's Motion for Sanctions is **denied**.

VII. <u>Ruling on Disclosure of Plaintiff's Medical Records</u>

The Court examined Dr. Romanos' report <u>in</u> <u>camera</u> prior to the June 23 hearing. At oral argument, defendants' counsel represented to the Court that the medical records were relevant to their defense for three reasons. First, Dr. Romanos' report provided a psychological history relevant to plaintiff's claims of emotional distress and damages. Second, evidence within the records could refute plaintiff's claim that his resignation resulted from retaliatory action by his employer based on a "fabricated" allegation of workplace violence. Third, the records may disclose inconsistencies between plaintiff's account of the events in his Complaint and in his discussions with Dr. Romanos.

Defendants' counsel stated that the motion for summary judgment will seek to dispose of all the claims in the case. Defendants reserved their right to depose Dr. Romanos if plaintiff discloses the doctor as a fact witness or expert. Furthermore, counsel indicated that if plaintiff formally withdraws his claim for intentional infliction of emotional distress, the withdrawal could change the scope of defendants' request for the disclosure of plaintiff's medical records.

At the hearing, defendants' counsel indicated that he

already has copies of Dr. Romanos' records that he received in a Commission on Human Rights and Opportunities ("CHRO") proceeding that is currently pending before Referee Donna Marie Wilkerson. However, counsel represented that all of the dates on the records had been redacted.[1]

In light of the Court's undertaking on the record not to disclose specific dates from the treatment records, defendants are directed to follow the procedure described below in requesting disclosure of these records.

The Court anticipates a two-stage inquiry.  First, defendants will identify the records they claim to need to file a motion for summary judgment.  If summary judgment is denied, the defendants may make a later request for records needed to prepare for trial.

As an initial matter, defense counsel must specify to the Court the time frame within the treatment records sought, and why that time frame is appropriate.  Then, counsel must designate which entries in the records he seeks to disclose, and why these records are needed for the summary judgment motion.

The medical records reviewed by the Court consist of thirty-two (32) pages of therapeutic records organized in a backwards

---

[1] But in Defendants' June 21, 2005, letter to the Court, which the Court has placed under seal, counsel provided specific dates from the treatment records for the Court to examine. **Defendants are asked to clarify this discrepancy.**

chronology, from March 2005 to September 1995.[2]  The records are written on medical notepads featuring various advertisements for pharmaceutical drugs, except for the last three pages, dating from September 1995, which are written on unlined paper without advertisements.[3]  Counsel will identify the pages they seek to disclose by indicating the advertisement featured on that page, if any, along with as much detail as Counsel deems necessary for the Court to identify the entry.  The document request must be filed under seal and will be reviewed <u>in</u> <u>camera</u> by the Court.  Defendants will file this request within **fourteen (14)** days of this ruling and order.

If the Court finds any of the treatment records potentially disclosable, an attorney will be appointed for the limited purpose of arguing on plaintiff's behalf.

---

[2]The court has been told that Defendants' copies of the treatment records, produced for the CHRO hearing, extend to 1991.

[3]The therapeutic records have the following advertisements on the bottom of each page:
    Pgs. 1-2: Lexapro
    Pgs. 3-8: Roche Laboratories/Solvay Pharmaceuticals
    Pgs. 9-11: Celexa
    Pg.  12: Seroquel
    Pgs. 13-16: Celexa
    Pgs. 17-18: Prozac
    Pg.  19: Celexa
    Pg.  20: Zyprexa
    Pgs. 21-22: Prozac
    Pgs. 23-24: Mediforms
    Pg.  25: Paxil
    Pg.  26: Zoloft
    Pgs. 27-28: Effexor
    Pg.  29: Archives of General Psychiatry
    Pgs. 30-32: no advertisement

Scheduling Order

Defendants will file their motion for summary judgment **sixty (60)** days from this ruling and order.  Plaintiff will have **sixty (60)** days to file a response.

Notice to Pro Se Plaintiff on Summary Judgment

Pursuant to Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), the Court gives notice to plaintiff that any factual assertions in the documents accompanying the defendant's motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence to contradict defendants' assertions. Plaintiff may not simply rely on his complaint, nor is a memorandum sufficient to oppose defendant's motion.  Plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[4]

---

[4] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an

**If plaintiff does not so respond, summary judgment may be entered against him.  If summary judgment is granted against the plaintiff, the case will not proceed to trial.  Instead, judgment will enter in favor of the defendants.**

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)(2) of the United States District Court for the District of Connecticut.  That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)(2) Statement."  The Local Rule 56(a)(2) Statement is in response to the moving party's 56(a)(1) Statement of Material Facts which sets forth the facts which the moving party contends are undisputed.  Plaintiff must state whether he admits or denies each such fact.  Plaintiff's 56(a)(2) statement must also list in a separate section each issue of material fact which plaintiff contends must be tried.  If plaintiff does not file a 56(a)(2) statement, all material facts set forth in the moving party's Rule 56(a)(1) statement will be deemed admitted.

Any affidavits or other documentary evidence that plaintiff wishes to submit in opposition to the motion for summary judgment

---

> adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

must be filed within sixty days.

VIII.   Conclusion

For the reasons discussed above, defendants' Motion for Sanctions **[Doc. #105] is withdrawn** and Motion for Protective Order **[Doc. #102] is denied as moot**. Plaintiff's Motion to Vacate **[Doc. #122]** and Motion for Sanctions **[Doc. #129] are denied**. The Protective Order entered on August 9, 2004, [doc. #65] governs the disclosure of discovery during and after this litigation.

This is not a recommended ruling. This is a discovery ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 17th day of August 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE