UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL CAYER

v.                                          :   CIV. NO. 3:02CV1130 (HBF)

JAMES ROACH,
CHARLES SPIRIDON

### RULING AND ORDER REGARDING DISCLOSURE OF PLAINTIFF'S MEDICAL RECORDS

On August 28, 2005, defendants submitted a request <u>ex parte</u> and under seal for disclosure of records of plaintiff's treatment with his psychiatrist, Dr. Daniel Romanos, for use in filing a motion for summary judgment.[1] Pursuant to the Court's August 17, 2005 order, defendants designated the specific pages it seeks for use in their motion for summary judgment and the reasons why the pages are sought.

The Court has carefully reviewed defendants' requests and rules as follows.

### Pages 30-32 and 29

Defendants seek disclosure of records dating from 1995, stating they "are material to plaintiff's prior history and medical treatment" and provide a "backdrop to the defendants' contention on summary judgment as to the accuracy of Dr. Meisler's impression of the plaintiff's then medical condition

---

[1] The records consist of thirty-two (32) pages in total. The Court will refer to the requests by page number. Defendants reserved their right to seek disclosure of additional records if summary judgment is denied and this case goes to trial.

that explains behaviors observed by WCSU employees in October 2000 and again prior to the workplace violence issue in November 2001." Upon careful consideration, the Court finds these documents potentially disclosable and reserves ruling until an appointed representative for plaintiff can argue on Mr. Cayer's behalf.

Pages 21, 22

Defendants seek disclosure of records dating from November to December, 2000, stating, "these pages are material to defendants' contention on summary judgment regarding the nature of the plaintiff's disruptive conduct in the workplace . . . and his recognition that he had created a disruptive environment designed to injure the defendants' working relationship with WCSU personnel and to disrupt the grievance process." Upon careful consideration, the Court finds these documents potentially disclosable and reserves ruling until an appointed representative for plaintiff can argue on Mr. Cayer's behalf.

Pages 17 and 18

Defendants seek disclosure of records dating from November to December, 2001, stating, "these pages are material to the defendants' contention that it had a legitimate non-retaliatory reason for investigating the plaintiff's comment in November 2001 and the subsequent action taken by the University." Upon careful consideration, the Court finds these documents potentially

disclosable and reserves ruling until an appointed representative for plaintiff can argue on Mr. Cayer's behalf.

Page 15

    Defendants seek disclosure of records dated March 2002, stating that "this page is material to the defendants' contention that the plaintiff exhibited great anger and resentment towards his supervisor, thereby making a working relationship difficult. Further, this evidence will be used to support defendants' contention on summary judgment that the plaintiff's behaviors toward his supervisor and other University administrators were designed to provoke a confrontation and to discredit the Dean of Human Resources office and other University employees."  Upon careful consideration, the Court finds these documents potentially disclosable and reserves ruling until an appointed representative for plaintiff can argue on Mr. Cayer's behalf.

    An attorney will be appointed by the Court for the limited purpose of conferring with plaintiff and presenting his opposition to disclosure.

    Defendants will file their motion for summary judgment sixty (60) days after a final ruling and order on the disclosure of the records is issued.  Plaintiff will have sixty (60) days to file a response to defendants' motion for summary judgment.

    SO ORDERED at Bridgeport this 7th day of November 2005.

                                 _____/s/_____
                                 HOLLY B. FITZSIMMONS
                                 UNITED STATES MAGISTRATE JUDGE