UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

PAUL CAYER                                : CASE NO. 3:02CV1130(HBF)

                                                    2005 NOV 16  P 2: 52
V.                                             :

                                               :                  U.S. DISTRICT COURT
JAMES ROACH and                    :                    BRIDGEPORT, CONN
CHARLES SPIRIDON                  : NOVEMBER 15, 2005.


### PLAINTIFF'S MOTION FOR RECONSIDERATION

As the Plaintiff, I hereby file a motion for reconsideration pursuant to Rule #8 (c) of the Local Rules for Civil Procedure.  This motion for reconsideration pertains to the Court's Ruling and Order Regarding Disclosure of Plaintiff's Medical Records filed Nov. 10, 2005, and Order Granting Motion for Extension of Time to File Dispositive Motions, also dated Nov. 10, 2005.  Plaintiff notes that the Court granted Defendants' motions immediately without giving Plaintiff a reasonable opportunity to object.  My objections to the motions were filed November 12th; unbeknowst to me, Judge Fitzsimmons had already ruled in favor of the defendants.

Regarding the Court's determination that portions of my medical records are potentially disclosable, I wish to argue as follows:

1.  At oral argument on June 23, 2005 (I am awaiting a transcript of the hearing), Judge Fitzsimmons had indicated she had already conducted an in camera review of my medical records.  In response to my question, Judge Fitzsimmons states (I am paraphrasing here until I get the transcript)  that she did not find anything in the records that would be disclosable in my case.

2. In her Nov. 9, 2004 order, Judge Fitzsimmons stated that she would conduct an in camera review of my medical records herself, without any input from the defendants' counsel, since counsel did not have and was not entitled to have access to my medical records.

3. Defendants' failed to do what the Court ordered to get my medical records and more than four months elapsed before Judge Fitzsimmons received my medical records.  Judge Fitzsimmons claimed I was not harmed by this delay.

4. In the interim, Defendants' counsel was able to obtain access to my medical records in another case.  They now used this to communicate to Judge Fitzsimmons regarding parts of my medical records they claimed were relevant and should be disclosed.

5. Instead of conducting an in camera review of my records solely on her own, Judge Fitzsimmons was now conducting an in camera review with the "help" of Defendants' counsel.  Judge Fitzsimmons now feels that certain parts may be disclosable. which is contrary to her position on June 23. 2005.

6. As the Plaintiff, I have most definitely been harmed by the defendants' four-month delay in complying with the Nov. 9, 2004 order, which is an argument I have previously articulated (see July 30, 2005 Plaintiff's Motion Objecting to Court's Communication with Opposing Counsel Concerning Medical Records).

7. WHEREFORE, the Plaintiff urges the Court to vacate the November 10th ruling and order, and to rule that none of my records are disclosable, which is consistent with the Court's position on June 23, 2005 following an in camera review done solely by Judge Fitzsimmons.

On the matter of the Nov. 10, 2005 Order granting Extension of Time to File Dispositive Motions, I would like to remind the Court again that my case was originally scheduled to go to trial over two years ago. I have made several overtures of settlement that have been ignored by the other side. If they do not wish to settle, then we must proceed to trial. The repeated delays that have been granted to the defendants are harmful to me. Witnesses move, memories fade, and testimony becomes less reliable. If AAG Jordano is granted yet another extension of time to file a dispositive motion, that will have given him six months to do so, possibly more. This seems to me to be excessive, and contrary to the principle of proper and timely adjudication.

WHEREFORE, the Plaintiff requests that the Court vacate its Nov. 10, 2005 Order granting the extension and instead reinstate the December 2, 2005 deadline for filing a Motion for Summary Judgement.

PLAINTIFF,

PAUL N. CAYER, pro se
173 Old Burrville Rd.
Torrington, CT 06790
tel: 860-626-0340

---

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on November 15, 2005 to:

Joseph Jordano
Assistant Attorney General
55 Elm St.
PO Box 120
Hartford, CT 06141-0120