## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL CAYER,<br>　　*Plaintiff* | :　CASE NO. 3:02CV1130(HBF)<br>: |
| | : |
| 　　v. | : |
| | : |
| JAMES ROACH  and | : |
| CHARLES SPIRIDON,<br>　　*Defendants*. | :<br>:　NOVEMBER 21, 2005 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION FOR RECONSIDERATION

The plaintiff asks the court to reconsider its order of November 10, 2005 (Doc. #

141)  regarding the potential disclosure of his medical records.  There is nothing new

raised in the plaintiff's motion for reconsideration. The points raised by plaintiff are the

very same ones he made during the hearing of  June 23, 2005.  The plaintiff continues to

press allegations of mistreatment despite the careful and methodical approach the court

has taken regarding this issue.  Ironically, the plaintiff objects to the disclosure of

documents that have **already been disclosed to counsel** in a  parallel state CHRO matter,

a copy of which was been provided to the plaintiff.  So the plaintiff is, or should be, fully

aware of what the records say.  In the state CHRO administrative proceeding, the plaintiff

was required to produce a copy of his medical records from Dr. Romanos, subject to a

protective order.[1]

---

[1]　On October 11, 2005 a public hearing began before the CHRO on the plaintiff's whistleblower
retaliation claim. On the second day of the proceedings, the plaintiff abruptly left the proceedings when the
Chief Human Rights Referee, Donna Marie Wilkerson, took issue with his failure to follow part of her pre-
trial instructions.  The plaintiff left the hearing, asked to see the Referee ex parte (which she refused), and
then consistent with his prior behavior, publicly accused Chief Referee Wilkerson of misconduct.

Pursuant to this court's prior rulings, Dr. Romanos provided a copy of the medical records to the court for *in camera* review. The court reviewed the records prior to the June 23, 2005 hearing without any input from defense counsel, and then ordered defense counsel to identify as best he could those portions of the records (based on counsel's copy of Dr. Romanos' records produced through the CHRO proceeding) that he believes are material to a summary judgment motion. Counsel did so and the court then reviewed the identified pages. Most recently, the court ruled that the records may be material to the case and will appoint counsel to argue the issue on behalf of the plaintiff. The plaintiff has not been harmed and there is nothing new here, nor do any of the plaintiff's allegations about the court doing something incorrect or inconsistent have any merit. Therefore, the plaintiff's attempt to portray himself as a victim is disingenuous.

Accordingly, the motion for reconsideration should be denied.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    _____

Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
E-mail: Joseph.Jordano@po.state.ct.us
Federal Bar # ct21487

## **CERTIFICATION**

The undersigned hereby certifies that on the  21st day of  November, 2005, a true

and accurate copy of the foregoing was sent by United States mail, first class postage

prepaid, to the following:

Paul Cayer
173 Old Burrville Road
Torrington, CT 06790

_____
Joseph A. Jordano
Assistant Attorney General