UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

PAUL CAYER                                    :    CASE NO. 3:02CV1130(HBF)

V.                                            :

JAMES ROACH and CHARLES SPIRIDON   :    NOVEMBER 23, 2005

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
## MOTION FOR RECONSIDERATION

As the Plaintiff, I am compelled to respond to yet more lies by AAG Jordano in his Nov. 21, 2005 response to my motion for reconsideration. Atty. Jordano states that he provided a copy of my medical records to me in my CHRO case. What he doesn't tell you is that he unilaterally WITHDREW my medical records as an exhibit in that case. He was supposed to identify those portions of the records he planned on using as exhibits, but did not, and instead just sent me the entirety of the records. I think it is fairly obvious why he did that. Let me say that the records are no longer in my possession.

Regarding Referee Wilkerson's conduct during my public hearing, I have attached just a brief sample showing her inappropriate, vaguely threatening remarks to me. AAG Jordano may be the only person in the world who refuses to believe that courts, judges, and opposing counsel ever engage in improper conduct when they are dealing with a pro se plaintiff. Please know that Plaintiff is documenting everything.

Given that Referee Wilkerson has dismissed my case, AAG Jordano will no longer have in his possession my medical records as the Protective Order mandates their destruction or return to my doctor. I believe the Court needs
to be aware of this, since it was AAG Jordano's temporary possession of these records that enabled him to "identify" certain things in my records that Judge Fitzsimmons was not able to identify herself during her in camera review. Consequently, when my court-appointed attorney argues against disclosure, AAG Jordano will have no basis to object since he no longer has the records. Interesting scenario, isn't it, that the Court created when first it ruled that there would be an in-camera review by the Judge only, and then ruled that AAG Jordano could "help" since he was able to get his hands on the records in another case. Again, please know that Plaintiff is documenting everything.

AAG Jordano should be careful about his use of the word "victim". He himself has complained bitterly and repeatedly that I have unfairly accused him of wrongdoing. I'm sorry if he feels like a "victim". I believe the record speaks for itself.

PLAINTIFF,

**PAUL N. CAYER, pro se**
**173 Old Burrville Rd.**
**Torrington, CT 06790**
**860-626-0340**

## CERTIFICATION

**I hereby certify that a copy of the foregoing was mailed on November 23, 2005 to:**

**Joseph Jordano**
**Assistant Attorney General**
**55 Elm St.**
**PO Box 120**
**Hartford, CT 06141-0120**

Paul N. Cayer

CAYER VS. WESTERN CONN. STATE UNIVERSITY, ET AL

122

1    so much Judge Fitzsimmons, as the client.

2                 HUMAN RIGHTS REFEREE WILKERSON:  Right.

3                 MR. CAYER:  His client having seen

4    them.

5                 HUMAN RIGHTS REFEREE WILKERSON:  Right.

6    And I think that -- like I said before -- and I am

7    assuming, and I think it might have been partly based

8    on a conversation that we had at the last hearing, for

9    personal reasons I understand you do not want the

10   client to be aware of your medical information.  And I

11   appreciate that.  But more importantly you should be

12   concerned about what I see.  And so far I haven't seen

13   anything.  So, you should be very pleased about that.

14   As opposed to Judge Fitzsimmons, who has probably seen

15   a lot more than me.  And I take it that that's to be a

16   jury trial?

17                ATTORNEY JORDANO:  Assuming it gets

18   past summary judgment, yes.

19                HUMAN RIGHTS REFEREE WILKERSON:  Okay.

20   So, -- and like I said, I understand, but try to focus

21   on the fact that I've got to hear all the evidence and

22   I've got to decide whether or not the university was

23   wrong in the actions that they took.

24                So, so far, you know, you've got a

QUALIFIED REPORTING SERVICES