173 Old Burrville Rd.
Torrington, CT 06790

December 5, 2005.

FILED

2005 DEC -7 P 3: 11      2005 DEC -7 P 12: 02

CERTIFIED MAIL

U.S. DISTRICT COURT
BRIDGEPORT, C...

Hon. Holly B. Fitzsimmons
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

RECEIVED

RE: Paul Cayer v. James Roach and Charles Spiridon
Case No. 3:02CV1130(HBF)

Dear Judge Fitzsimmons,

I am copying you on the recent communications I have had with AAG Jordano and Referee Wilkerson regarding my medical records. Attached to this letter, you will find copies of said documents and I also attached a copy of that section of HIPAA which details the penalties for violations of the privacy aspects of HIPAA. I am sure that you, as a Federal magistrate judge, are well aware of these penalties; Referee Wilkerson, however, has actually professed ignorance of the penalties.

Please know that on Sept. 28, 2005, Atty. Jordano unilaterally withdrew my medical records as an exhibit in my whistleblower retaliation case at OPH/CHRO, before the start of the public hearing. Atty. Jordano had been using the threat of disclosure to get me to withdraw my complaint. Referee Wilkerson had already made a vague threat concerning what she might do if she got her hands on them. Obviously, AAG Jordano was more interested in using the records as a threat rather than as evidence in the case. Subsequently, after I withdrew my complaint, Referee Wilkerson ignored my repeated requests for her to order the return of my medical records pursuant to the terms of the protective order. Ultimately, AAG Jordano did return the records to Dr. Romanos, but only after I had raised the issue several times. It is my contention that each and every day that AAG Jordano retained the records after he withdrew them as an exhibit, and certainly after the case was dismissed, constituted a violation of HIPAA.

Your Honor, people have been playing games with my medical records for the last two years. These "games" constitute a violation of my privacy rights under HIPAA. In the Fall of 2002, there was a verbal agreement that my medical records would not be an issue in my Federal case. The games started after I fired Atty. Torre and she then tried to "facilitate" the disclosure of my records to AAG Jordano by putting them in my possession against my wishes. Then you joined in, Your Honor, and you eventually ordered that they be subpoenaed when I

indicated I no longer had them. In 40 years of practice, my psychiatrist had never been issued a subpoena to have confidential psychiatric records released, even in a criminal case. Yet all of a sudden, there was something about my records that caused you and Atty. Jordano to seek their release with a vengeance. I moved to quash, you ordered their release, and Atty. Jordano then "forgot" for four months to send a copy of the order to Dr. Romanos. This was consistent with Jordano's strategy of using the disclosure of the records as a threat. (It is with good reason that I have used the word "blackmail" to describe such a threat.) You winked at this, Your Honor, and actually said you believed his absurd and CONTRADICTORY statements as to why he never sent the order to Dr. Romanos. Then Referee Wilkerson ordered me to release the records to Atty. Jordano himself. My records eventually ended up in the hands of several individuals, and AAG Jordano has verbally shared the contents with the defendants. Both you and Referee Wilkerson have condoned and participated in this abuse of confidential medical information.

You will recall that you at first ordered my confidential medical records be sent to you so that you could conduct, by YOURSELF, an in-camera review of the records. Then when AAG Jordano was able to obtain temporary custody of my confidential medical records in another case, you allowed him to assist or help you in your in-camera review. You will recall that you informed me, on the record, that your OWN in-camera review did not reveal anything in my records that you found relevant enough to be disclosed. Then when you allowed Atty. Jordano to point things out, you ruled that there were, in fact, items that were potentially disclosable. Again, these games constitute abuse of my medical records.

Now that Atty. Jordano no longer has possession of my confidential medical records, this creates a very interesting dilemma for you in my Federal case, Your Honor. You have allowed AAG Jordano to have "input" into determining what is or is not disclosable in my records. I will now be assigned an attorney to argue against disclosure. Since AAG Jordano no longer has my confidential medical records, he cannot be a participant in any such argument. You will remember that it has been my position all along that AAG Jordano's TEMPORARY possession of my records in another case should not confer on him any advantage in the Federal case, that advantage being his "assisting" you in your "in-camera" review. You, of course, did not see it that way. Am I to assume my appointed attorney will now be arguing with YOU, rather than AAG Jordano, regarding the matter of disclosure? Will you rule that since AAG Jordano had the records once anyway, why don't we just give him the records again, thus violating my privacy rights AGAIN under HIPAA?

Judge Fitzsimmons, you will notice the word "malicious" used in the attached sections of the HIPAA act. There is a very good reason why this legislation was enacted. People WILL act with malice to have medical records disclosed. People WILL threaten disclosure to get plaintiffs to withdraw complaints. People WILL play at the edge of the law to threaten and intimidate plaintiffs. The penalties for violating the law, including imprisonment, very clearly underscore the seriousness of these offenses. What really shocked me was that Courts would wink at and even participate in these acts as a way to get plaintiffs to withdraw or parties to settle.

Please know that I am prepared to take appropriate legal action against all individuals who have acted inappropriately and illegally with respect to my medical records. I am prepared to invoke my rights under HIPAA to have all such individuals held accountable for their malicious acts. Whatever penalties are available under the law, are penalties that I will seek to have imposed against all culpable individuals.

Your Honor, I see that you have affirmed your prior ruling and order regarding disclosure. I am not surprised. Let us then proceed to the next step, which is to have an attorney assigned to me to argue against disclosure. I certainly hope this attorney will be protecting my interests, and not yours or AAG Jordano's. I believe my cynicism is well-warranted.

Sincerely,

Paul N. Cayer, pro se

cc: Referee Donna Marie Wilkerson
　　AAG Joseph Jordano
　　AG Richard Blumenthal
　　AAG Margaret Chapple
　　AAG Nancy Brouillet
　　Judge Janet Hall

▶ Normal view

To: donna.wilkerson@po.state.ct.us
Cc: joseph.jordano@po.state.ct.us, hamisi.ingram@po.state.ct.us, raymond.pech@po.state.ct.us, robert.brothers@po.state.ct.us, p_cayer@webtv.net, attorney.general@po.state.ct.us, margaret.chapple@po.state.ct.us, nancy.brouillet@po.state.ct.us
From: Paul Cayer
Subject: THIRD NOTICE
Date: Mon, 28 Nov 2005 05:58:04 -0800


Miss Wilkerson,

I will consider it a violation of HIPAA if you continue to allow AAG Jordano to retain my confidential medical records. My case has ALREADY been dismissed by you, according to your email of October 12, 2005.

There have been enough games played with my medical records over the last two years. The games need to stop. NOW. BTW, the transcripts are proving to be very interesting. Quite a method you have developed, Ms Wilkerson, of getting complainants to withdraw. Less work for you, I'm sure. Somehow, I don't think that's what our State legislators had in mind when they enacted whistleblower legislation.

Please also consider this another request, under FOI, for ALL the transcripts of my public hearing.

                                                Sincerely,


                                                Paul N. Cayer

▶ Normal view

To: joseph.jordano@po.state.ct.us, donna.wilkerson@po.state.ct.us
Cc: attorney.general@po.state.ct.us, margaret.chapple@po.state.ct.us, nancy.brouillet@po.state.ct.us, p_cayer@webtv.net
From: Paul Cayer
Subject: HIPAA, The Law:
Date: Mon, 28 Nov 2005 11:40:21 -0800

"WRONGFUL DISCLOSURE OF INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION

"SEC. 1177. (a) OFFENSE.--A person who knowingly and in violation of this part--

"(1) uses or causes to be used a unique health identifier;

"(2) obtains individually identifiable health information relating to an individual; or

"(3) discloses individually identifiable health information to another person,

shall be punished as provided in subsection (b).

"(b) PENALTIES.--A person described in subsection (a) shall--

"(1) be fined not more than $50,000, imprisoned not more than 1 year, or both;

"(2) if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both; and

"(3) if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, be fined not more than $250,000, imprisoned not more than 10 years, or both.

▶ Normal view

**To:** donna.wilkerson@po.state.ct.us
**Cc:** joseph.jordano@po.state.ct.us, hamisi.ingram@po.state.ct.us, raymond.pech@po.state.ct.us, robert.brothers@po.state.ct.us, p_cayer@webtv.net
**From:** Paul Cayer
**Subject:** Re: Fw: Withdrawal- forwarded message from Cayer
**Date:** Wed, 23 Nov 2005 08:19:09 -0800

Ms. Wilkerson,

It has been a month-and-a-half since you informed me my case "has been dismissed." Yet you still have not directed AAG Jordano to return my confidential medical records to Dr. Romanos in accordance with the Protective Order. This is the second time I have had to bring this up with you. Please direct Atty. Jordano to return the records NOW.

Please also consider this a request for ALL the transcripts of my public hearing.

Thank you,


Paul N. Cayer

-----Original Message-----
From: Donna Marie Wilkerson
Sent: Wed, 12 Oct 2005 09:47:36 -0800
To: joseph.jordano@po.state.ct.us
Cc: p_cayer@webtv.net
Subject: Fw: Withdrawal- forwarded message from Cayer

This is a forwarded message that I received ex parte from Mr. Cayer. The email below is being sent to Assistsant Attorney General Jordano for his information as a party to the case. The matter has been dismissed and a decision shall follow once transcripts are received.

Thank you
Presiding Referee Donna M. Wilkerson
Office of Public Hearings
----- Original Message -----
From: "Paul Cayer" <p_cayer@webtv.net>
To: "Donna Marie Wilkerson" <donna.wilkerson@po.state.ct.us>

▷ Normal view

To: hamisi.ingram@po.state.ct.us, raymond.pech@po.state.ct.us
Cc: p_cayer@webtv.net
From: Paul Cayer
Subject: Re: COMPLAINT AGAINST REFEREE WILKERSON
Date: Wed, 23 Nov 2005 08:46:00 -0800


Re. Case # OPH/WBR 2003-001

Mr. Ingram,

I have been waiting for 1 1/2 months for Ms. Wilkerson to direct the Attorney General's Office to return my confidential medical records to my doctor in accordance with the Protective Order. Ms. Wilkerson informed me on 10/13/05 that my case "has been dismissed". There is no reason for the A.G.'s Office to continue possession of these records. Please ensure that she does this IMMEDIATELY.

Thank you,


Paul N. Cayer

-----Original Message-----
From: Paul Cayer
Sent: Thu, 13 Oct 2005 03:50:09 -0800
To: hamisi.ingram@po.state.ct.us, raymond.pech@po.state.ct.us
Cc: p_cayer@webtv.net
Subject: COMPLAINT AGAINST REFEREE WILKERSON


173 Old Burrville Rd.
Torrington, CT 06790

October 13, 2005.