```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
                                    :
PAUL CAYER                          :
                                    :
v.                                  :   CIV. NO. 3:02CV1130 (HBF)
                                    :
JAMES ROACH,                        :
CHARLES SPIRIDON                    :
                                    :
                                    :
                                    :
```

## ORDER APPOINTING INDEPENDENT COUNSEL

The Court hereby appoints Attorney Antonio Ponvert as independent counsel in this matter to assist the Court in determining whether any records of Dr. Romanos, plaintiff's psychiatrist, are disclosable.[1] Plaintiff is a pro se party and requires assistance in asserting a privilege and other arguments against disclosure of his medical records for use by defendants in this matter.[2]

In an order dated November 10, 2005 [Doc. #141], after conducting an in camera review, this Court found certain pages of plaintiff's medical records potentially disclosable. Upon appointment, independent counsel will review these records. These documents will be provided to independent counsel under seal and for attorney's eyes only, and must be returned to the

---

[1] The appointment of independent counsel is made pursuant to D. Conn. L. Civ. R. 53(b), to address a "particular issue" in this case. Attorney Ponvert consents to such appointment. Id. Here the "particular issue" that independent counsel is called upon to address is the disclosure of plaintiff's mental health records to defendants.

2Plaintiff has expressed an unwillingness to review his own records and the Court finds that his position is reasonable one, in that he has an on-going therapeutic relationship with Dr. Romanos.

Court at the conclusion of the appointment. Counsel may then consult with plaintiff, and is asked to marshall all appropriate arguments against disclosure of plaintiff's records.

Independent counsel will file a memorandum in opposition to disclosure of the medical records within sixty (60) days of his appointment and receipt of the records. Oral argument or a hearing may be requested at the time of filing. Defendants will respond to the memorandum within ten (10) business days of its filing.

Defendants will file their motion for summary judgment forty-five (45) days after a final ruling and order on the disclosure of the records. Plaintiff will have sixty (60) days to file a response to defendants' motion for summary judgment.

SO ORDERED at Bridgeport this 16th day of December 2005.

```
             ___/s/_____
             HOLLY B. FITZSIMMONS
             UNITED STATES MAGISTRATE JUDGE
```