```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
                                      :
PAUL CAYER                            :
                                      :
v.                                    :   CIV. NO. 3:02CV1130 (HBF)
                                      :
JAMES ROACH,                          :
CHARLES SPIRIDON                      :
                                      :
                                      :
                                      :
```

RULING ON DISCLOSURE OF RECORDS

By letter dated August 29, 2005, defendants moved for the production of eight pages of notes taken by plaintiff's psychiatrist, Dr. Daniel Romanos, during therapy sessions conducted between 1995 and 2002. Defendants seek disclosure of eight (8) pages of these records to support a motion for summary judgment. On December 16, 2005, this Court appointed independent counsel to aid plaintiff in opposing the disclosure of Dr. Romanos' records.[1]

Independent counsel filed a memorandum in opposition to disclosure of medical records on February 15, 2006 [doc. #150], and defendants filed a memorandum in support of disclosure on March 8, 2006 [doc. #153].[2]

---

[1] Plaintiff Paul Cayer is appearing pro se and consented to the appointment of independent counsel to assist him in opposing the disclosure of the records.

[2] Both documents were filed under seal.

The Court notes that defendants obtained a copy of Mr. Cayer's records from his doctor, Dr. Romanos, pursuant to a signed authorization from Mr. Cayer after the CHRO Chief Human Rights Referee Donna Marie Wilkerson ordered that the records be disclosed through the CHRO proceeding, subject to a protective

DISCUSSION

1. Psychotherapist-Patient Privilege

> District courts in this circuit have held that although the Second Circuit recognizes a psychotherapist-patient privilege, the protection is waived when a plaintiff puts his or her mental or emotional health at issue in the case. Courts have long recognized that a party waives the psychotherapist-patient privilege by commencing an action for recovery based on his mental condition.

Williams v. The Gillette Co., No. 3:02CV2213 (WWE), 2004 WL 717171 (D. Conn. 2004)(citations omitted). Accordingly, plaintiff's argument that "the defendant explicitly does not claim any such waiver at this summary judgment stage" [doc. #150 at 4], is not persuasive. The Court finds that plaintiff has waived his psychotherapist-patient privilege by putting his mental condition in issue. Plaintiff will produce the eight (8) designated pages of his mental health records to defendants subject to a protective order. The records will be returned to plaintiff at the end of the case.

2. Evidentiary Objections

There is no question that plaintiff's psychiatric records contain extremely sensitive information, including information

---

order. The records were returned to Dr. Romanos, pursuant to the protective order, after the appropriate appeal period had run on the order from the CHRO Referee dismissing Mr. Cayer's case. [Def. Let. dated 12/7/05]. Defendants seek permission to use the records in connection with the filing of summary judgment in this proceeding. Defendants have no objection to entry of a protective order.

2

which may not be relevant to proving the claims in the case or may provide only background or historical value. Plaintiff argues that the records defendants are seeking are irrelevant and/or "inadmissible hearsay and are impossible to interpret and understand." [Doc. #150 at 2]. He contends that, "[w]hile there may be no hearsay objection to the disclosure of these records, there certainly will be objections to their submission on summary judgment; and the Court may take that into account when ruling on the defendants' request for disclosure. It would make little sense to override the plaintiff's privacy rights to allow the defendants to see private psychiatric records that they will never be able to properly use in any event." [Doc. #150 at 11].

"Because the purpose of summary judgment is to weed out cases in which "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), it is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment." Raskin v. The Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997). "On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." Nora Beverages, Inc. v. Perrier Group of America, Inc., 164 F.3d 736, 746 (2d Cir. 1998) (upholding district court ruling precluding expert reports on summary judgment) (citing Raskin, 125 F.3d at 66 (same)). Rule 56(e) provides that affidavits filed in support of and against summary judgment "shall set forth such facts as would be admissible in

3

evidence." Fed. R. Civ. P. 56(e) (emphasis added). The district court has wide discretion in determining which evidence is admissible. Nora Beverages, Inc., 164 F.3d at 746. Evidentary rulings are reviewed on appeal for "manifest error." Id.

At the summary judgment stage, a party may test the admissibility of documents that the opposing party has filed in support of a motion for summary judgment by filing a motion to strike. See e.g., Spector v. Experian Info. Servs. Inc., 321 F. Supp. 2d 348, 352 (D. Conn. 2004) (concluding, "a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated"); Newport Elec., Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001) (noting, "[a] motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion").

In ruling on a motion to strike, the court applies the Federal Rules of Evidence to determine whether evidence would be admissible at trial and thus whether the court can consider them in ruling on a motion for summary judgment. See Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997) (stating, "t]he principles governing admissibility of evidence do not change on a motion for summary judgment"); Spector v. Experian Info. Servs. Inc., 321 F. Supp. 2d 348, 353 (D. Conn. 2004) (same).

<u>Scheduling Order</u>

Defendants will file their motion for summary judgment in thirty (30) days.  If the motion for summary judgment includes any of plaintiff's mental health records, the motion and supporting memorandum will be filed under seal and a copy of the filing will be send to independent counsel.  Plaintiff's opposition to summary judgment is due twenty-one (21) days later.

If defendants use any of the mental health records, plaintiff may file a motion to strike simultaneously with opposition to summary judgment.  The motion to strike will raise evidentiary objections to the admission of his records into evidence. Defendants will have twenty-one (21) days to respond to the motion to strike.

<u>CONCLUSION</u>

For the reasons stated, defendants' Motion for Disclosure is **GRANTED**, subject to a protective order.

Dispositive motions will be filed within thirty (30) days of this ruling.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #18] on June 4, 2003, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 2nd day of May 2006.

```
        _____/s/_____
        HOLLY B. FITZSIMMONS
        UNITED STATES MAGISTRATE JUDGE
```